## EVARTS *v.* THE STATE.

VENUE.—*Statement of in Information.*—An information for an unlawful sale of intoxicating liquor was entitled, "State of Indiana, Randolph county: In the Randolph Circuit Court." In the body of the information, the offence was charged to have been committed "at said county of Randolph," without again mentioning the name of the state.

*Held,* that the venue was sufficiently stated.

JURY.—When the regular panel of jurors are deliberating on a case submitted to them, the court may properly empanel a special jury to try another cause called for trial. Acts 1873, p. 103.

PRACTICE.—*Charge to Jury.*—*Motion for New Trial.*—The recital, in a motion for a new trial, of certain instructions alleged to have been given to the jury, can not be taken in the Supreme Court as showing that such instructions were given.

JUDGE PRO TEM.—A written appointment by a circuit judge of a qualified person to try and determine all cases that may come up for trial in a given county during the absence of such judge is sufficient.

From the Randolph Circuit Court.

*L. W. Study, J. J. Cheney, W. A. Thompson,* and *J. Engle,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

WORDEN, J.—This was a prosecution of the appellant, by affidavit and information, for selling intoxicating liquor to a minor. Motion to quash overruled ; trial by jury ; conviction and judgment.

It is objected that the information is defective in not sufficiently stating the venue, in this, that it does not show that the liquor was sold in the State of Indiana.

The information is entitled as follows :

"State of Indiana, Randolph county : In the Randolph Circuit Court, October term, 1874."

The liquor is charged to have been sold "at said county of Randolph " without again mentioning the State. As the State and county were mentioned in the entitling of the information, the county named must be taken to be that county in the State of Indiana, and the subsequent reference, in the body of the information, to " said county of Randolph," points out the county of Randolph in the State of Indiana as clearly as if it had been expressed in terms. This objection is not well taken.

When the cause was called for trial, the regular panel of jurors were out considering upon their verdict in another cause which had been submitted to them, and the court directed the

sheriff to call a jury other than the regular panel, to try the cause; but to this the defendant objected and demanded to be tried by the regular panel. The defendant's objection was overruled, and he excepted. He was put upon trial by a jury thus directed to be called.

As the law formerly stood, this would have been erroneous. *Rogers* v. *The State*, 33 Ind. 543. But a subsequent statute enacts, that " the court shall have the power, when the business thereof requires it, to order the impanelling of a special jury for the trial of any cause." Acts 1873, p. 104, sec. 3.

We can not say that the business of the court did not require the impanelling of the special jury, nor that any error was committed in so doing.

In respect to the evidence in the cause, we can not say that the case was not made out. The selling of the liquor, and that the person to whom it was sold was a minor, were clearly proved. The defendant might have taken the person to whom it was sold to be over age, but it seems to us that he did not take proper precaution in the premises. He did not even inquire of the person to whom it was sold as to his age. Upon this point we do not feel authorized to disturb the finding of the jury.

Some complaint is made of a charge said to have been given by the court to the jury. There is no charge contained in the record, except as recited in the motion for a new trial. The fact that a party states as one of the reasons for a new trial, that the court gave a certain charge to the jury, can not be taken here as evidence that the charge was given. Motions for a new trial are frequently overruled, because the reasons assigned are not true in point of fact. When motions for a new trial are overruled, we can not assume that the reasons for which the new trials are asked are true in point of fact, unless the record affirmatively shows them to be true.

The cause was tried before the Hon. Jacob M. Haynes, who held the court under the appointment of the regular judge of that court, the Hon. Silas Colgrove. Objection is made to the appointment. The appointment empowers Judge Haynes to

hold that term of the court, and "to try and determine any and all cases that may come up for trial" during the absence of Judge Colgrove. This appointment we deem amply sufficient. See 2 G. & H. 10, sec. 4.

What we have said disposes of all the questions made in the cause.

The judgment below is affirmed, with costs.