WINSETT v. THE STATE.

CRIMINAL LAW.—New Trial.—Newly-Discovered Evidence.—Cumulative.—A new trial will not be granted on account of newly-discovered evidence which is merely cumulative.

SAME.—Prosecuting Attorney.—Witness.—It is not the duty of a prosecuting attorney, engaged in the prosecution of a person charged with a crime, to produce at the trial all the witnesses present at the commission of the crime.

SAME.—Jury.—Special Jury.—Where, on the calling of a cause for trial, the regular jury of the term is out considering upon their verdict in another cause, which has been submitted to them, the court may, even over the objection of the defendant, empanel a special jury.

From the Wayne Circuit Court.

S. A. Forkner, for appellant.

H. U. Johnson, Prosecuting Attorney, and C. A. Buskirk, Attorney General, for the State.

Howk, J.—Appellant was indicted in the court below, for the sale, without license, of intoxicating liquor, in a less quantity than a quart. His motion to quash the indictment was overruled, and an exception was saved to this decision. Upon his arraignment, the appellant entered a plea of not guilty; and the issues thus joined were tried by a jury, in the court below, and a verdict was returned, finding the appellant guilty as charged, and assessing his fine at twenty dollars. Appellant's motion for a new trial was overruled, and his exception saved to this decision; and judgment was rendered on the verdict by the court below.

The appellant has assigned, in this court, the following alleged errors of the court below:

1st. In overruling his motion to quash the indictment; and,

2d. In overruling his motion for a new trial.

In appellant's argument of this cause, in this court, there is no allusion whatever to the first of these alleged errors; and we might, therefore, regard it as waived.

We have, however, examined the indictment, and are unable to find any objection thereto, which could be reached by appellant's motion to quash. And as no such objection has been pointed out to us, we conclude that no error was committed by the court below, in overruling the motion to quash the indictment.

In his motion for a new trial of this case, the appellant has assigned many causes for such new trial; but his learned attorney, in his argument in this court, has considered only two of these alleged causes for such new trial. In our opinion, we may, therefore, well conclude, that the appellant relies upon those two causes, to the exclusion of the others, for a reversal of the judgment of the court below. We will, for this reason, limit our consideration of this case to the same two causes for a new trial, to which appellant's attorney has especially directed our attention. The first of these two causes for a new trial was thus assigned in the appellant's motion:

"That the defendant has, since the verdict was returned, discovered new, competent and material evidence for him, which he could not, with reasonable diligence, have discovered and produced at the trial, which will be made to appear by the affidavits of the defendant and James Bennett, herewith filed."

As necessary to a proper understanding of the nature and intended use of this newly-discovered evidence, we will set out the evidence of the prosecuting witness, one Eli Griffith, on the trial of this cause, in the court below, as follows:

"My name is Eli Griffith. I reside in Milton, Wayne county, Indiana. I purchased a glass of whiskey of the defendant, James Winsett, at his saloon, at the American House, in the town of Milton, Wayne county, Indiana. I paid ten cents for the whiskey, and drank it on the premises where I bought it. I bought this liquor on the 15th day of November, 1875."

On cross-examination, this witness further testified, as

follows: "I purchased this liquor of the defendant himself; it was in his saloon in Milton. I paid ten cents for it. James Bennett was in the saloon at the time I purchased and paid for the liquor. There was no one there, at the time I bought the liquor, except myself, James Winsett and James Bennett."

Before considering the proffered newly-discovered evidence, we will also set out the evidence of the appellant, who was a witness on the trial in his own behalf, as follows:

"I am the defendant in this case. I never, at any time, sold Eli Griffith any whiskey, or any other kind of intoxicating liquor of any kind. Eli Griffith was never in the room, where the liquors were kept, with James Bennett."

The evidence we have set out was all the evidence on the trial of this cause, which bore directly on the charge in the indictment.

The substance of the newly-discovered evidence, as set forth in the affidavits filed with appellant's motion for a new trial, was to the effect following: That the appellant could prove, if a new trial were granted, by the evidence of said James Bennett, that he, the said Bennett, was never present when the said Eli Griffith purchased any intoxicating liquor from the appellant, and never saw the said Griffith make any such purchase from the appellant.

It may be conceded, we think, as shown by the affidavits, that this newly-discovered evidence could not have been discovered and produced at the trial, by the appellant, by the exercise of reasonable diligence. The only question, therefore, for our consideration is this: Would, or should, this newly-discovered evidence entitle the appellant to a new trial of this cause? It will be observed, that the only possible object and effect of this evidence would be to contradict still further than was done on the first trial a statement made by the prosecuting wit-

ness, on his cross-examination. Griffith had testified, on his cross-examination, that " James Bennett was in the saloon at the time I purchased and paid for the liquor." For the purpose of contradicting this evidence, and for none other that is apparent, the appellant had testified on the trial, as a witness in his own behalf, that " Eli Griffith was never in the room, where the liquors were kept, with James Bennett."

It seems to us, therefore, that this newly-discovered evidence, if such it can be called, was merely cumulative to appellant's own evidence, in his own behalf, on the same point. Properly speaking, it might well be said, that the affidavits, in support of this cause for a new trial, simply showed, that, since the trial, the appellant had discovered he could contradict, by the evidence of said James Bennett, Griffith's statement in regard to said Bennett, and at the same time could sustain and corroborate his own personal evidence on the same subject. Such newly-discovered evidence as this, in our opinion, can only be regarded as cumulative evidence, within the legal meaning of that term. It was evidence of the same kind, and to the same point, as appellant's own evidence on the trial of the cause.

It may be regarded as the settled law of this State, that newly-discovered evidence, which is merely cumulative, will not constitute a good cause for a new trial. *Martin* v. *Garver*, 40 Ind. 351; *Zouker* v. *Wiest*, 42 Ind. 169; and *Shigley* v. *Snyder*, 45 Ind. 543.

But it is claimed by appellant, in argument, that this law is not applicable to a case where, as in this case, the evidence on the trial was exclusively the evidence of a party to the suit. But this court has decided otherwise, and we think correctly. *Fox* v. *Reynolds*, 24 Ind. 46; *Atkisson* v. *Martin*, 39 Ind. 242; and *Zouker* v. *Wiest*, *supra*.

We have hitherto considered this newly-discovered evidence as if it were material to the issue in this cause,

which it certainly was not. In speaking of "newly-discovered evidence" as a cause for a new trial, it is said, that it must appear, " that the newly-discovered evidence is material to the issue, going to the merits of the cause, and is not merely cumulative, corroborative or collateral.' Buskirk Practice, p. 241, and the authorities there cited

Our conclusion is, that the newly-discovered evidence contained in the affidavits in support of this cause for a new trial, from its nature and also from its manifestly intended use, did not constitute a good cause for a new trial of this case. In this connection, appellant's learned attorney has made the point in argument, and elaborately discussed it, that it is the duty of the State's attorney, in all criminal prosecutions, to produce at the trial " all the witnesses present at the transaction." It is evident, that this point was not made in the court below; and, therefore, we are not required to consider it. We may remark, however, that the law of this State, in our opinion, imposes no such duty on the State's attorney.

The second of the two causes for a new trial considered by appellant's counsel in his argument, in this court, is thus stated in the motion for such new trial:

" That the court erred in calling a jury from the bystanders, when the regular jury was in attendance at said term of court, to. try said cause, over the objection of the defendant, and not allowing the defendant to be tried by the regular jury."

By the 3d section of "An act in relation to the order of business in the circuit courts, and giving the court the power to empanel special juries in certain cases," approved March 7th, 1873, it is provided, as follows:

" Sec. 3. The courts shall have the power, when the business thereof requires it, to order the empanelling of [a ?] special jury for the trial of any cause." 2 R. S. 1876, p. 13.

In the case of *Evarts* v. *The State*, 48 Ind. 422, a case very similar to the one now before us, this section of the

act of March 7th, 1873, was considered by this court, and it was there held, under its provisions, that where the regular jury were out considering upon their verdict in a cause submitted to them, the court might order the empanelling of a special jury, for the trial of another cause. It was shown by the record, in the case at bar, that when this cause was called for trial, in the court below, the regular jury were out considering upon their verdict in another case, and that the court was behind with its business for the term. Under these circumstances, it is very clear to our minds, that the court below did not err, in calling a jury from the bystanders, for the trial of this cause.

In conclusion, we hold that no error was committed by the court below, in overruling the appellant's motion for a new trial of this cause.

The judgment of the court below is affirmed, at appellant's costs.