<hr/>

## PIERCE v. THE STATE.

CRIMINAL LAW.—*Upon Disagreement of Regular Jury, Defendant may at once be tried by Special Jury.*—*Continuance.*—The defendant in a criminal prosecution is not entitled, upon the failure of the regular panel to agree upon a verdict in his case, to a continuance, for that reason, until the next term of court; and the court may at once, under section 3, 2 R. S. 1876, p. 13, cause a special jury to be empanelled to try him.

From the Dearborn Circuit Court.

*W. H. Matthews* and *M. A. Spooner*, for appellant.

*T. W. Woollen*, Attorney General, and *R. L. Davis*, Prosecuting Attorney, for the State.

HOWK, J.—The indictment in this case charged, "that on

the 17th day of January, 1879, at and in the county of Dearborn and State of Indiana, Omer Pierce, Jack Moore and William Bryant did then and there, in a rude, insolent and angry manner, unlawfully, feloniously, purposely and with premeditated malice, beat, bruise, cut, stab and wound one Charles Miller, with the unlawful and felonious intent, then and there and thereby, purposely, feloniously and with premeditated malice, to kill and murder him, the said Charles Miller."

The appellant, Omer Pierce, having been granted a separate trial, upon arraignment, for plea to the indictment, said that he was not guilty as therein charged. At the February term, 1879, of the court below, the cause as to the appellant was tried by a jury, who, having failed to agree upon a verdict, were discharged by the court without objection. Upon the appellant's application, he was granted a change of venue from the regular judge of the court, and a special judge was duly appointed to try this cause. The appellant then moved the court, upon his affidavit filed, for a continuance of his case until its next regular term, which motion was overruled, and to this decision he excepted. He was then tried again by a jury, at the same term of the court, and a verdict was returned finding the appellant guilty, and assessing his punishment at imprisonment in the state-prison for five years, and a fine of fifty dollars. The appellant's motions for a new trial and in arrest of judgment, having each been overruled and his exceptions entered to these rulings, the court rendered judgment against him, upon the verdict.

In this court, the appellant has properly assigned, as error, the overruling of his motion for a new trial. Among the causes for such new trial, assigned in his motion therefor, was alleged irregularity in the proceedings of the court, which prevented him from having a fair trial, in this, that the court overruled his motion for a con-

tinuance, and compelled him to go to trial at once. This cause for a new trial presents the only ground upon which the appellant's counsel, in their brief of this case, have asked for the reversal of the judgment of the court below.

The appellant's motion for a continuance of this case, as we have seen, was founded upon his affidavit. In this affidavit, the appellant stated, in substance, " That he was, as such defendant, put upon his trial for the same identical offence charged in the indictment in this cause, at the present term of this court, before the regular panel of the petit jury, duly selected and constituted according to law, as the regular panel of the petit jury for the said February term of said court, A. D. 1879, with the exceptions of such jurors as were challenged for cause and peremptorily, and that said jury failed to agree, and were discharged by the court trying said cause from the further consideration of this cause, on the tenth judicial day of the present term of this court, being the 13th day of February, 1879 ; and the defendant says that all of the regular panel of said petit jury are disqualified to try and properly and impartially determine this cause, which is the same identical cause and offence charged in the indictment tried by the jury aforesaid, which disagreed and was discharged as aforesaid, for the reason that all of said regular panel, so selected as aforesaid, that did not sit as jurors upon the trial of this cause, had formed an opinion as to the guilt or the innocence of the defendant of the charge in the indictment tried as aforesaid, and the charge in the indictment herein, except those of said jurors who were challenged for cause. Wherefore this defendant prays that this cause be continued until the next term of this court, in order that he may be tried before and by a regular panel of a petit jury, as duly selected, constituted and empanelled according to law."

The question for the decision of this court is this : Upon

the facts stated in the appellant's affidavit, was he entitled of right to a continuance of this cause until the next term of the court below, in order that he might be tried by a regular panel of a petit jury? It may be conceded, that he showed by his affidavit, that the regular panel of the petit jury of the February term, 1879, of the court, were all disqualified as jurors for the proper and impartial trial of this cause. But was he entitled of right to a trial of his cause by the regular panel of the petit jury? By section 13 of the first article of the Constitution of this State, the appellant had " the right to a public trial, by an impartial jury, in the county in which the offence " was committed. But, so far as we are advised, the qualifications of jurors, and the manner in which they must be selected and empanelled, have always been fixed and determined by legislative enactment. A person accused of crime has no constitutional right to be tried by the regular panel of the petit jury, nor by any other jury than " an impartial jury" composed of jurors possessing the requisite statutory qualifications, and selected and empanelled in the mode prescribed by statute.

By section 3 of "An act in relation to the order of business in the circuit courts, and giving the court the power to empanel special juries in certain cases," approved March 7th, 1873, it is provided as follows:

" SEC. 3. The courts shall have the power, when the business thereof requires it, to order the empanelling of [a?] special jury for the trial of any cause." 2 R. S. 1876, p. 13.

This section of the statute, as it seems to us, is conclusive of the question relied upon by the appellant in this case, adversely to him. The circuit courts are thereby expressly authorized, whenever, in their discretion, the business of the courts may require it, to order the empanelling of a special jury for the trial of any cause. When an ap-

pellant complains, in this court, of an order of the circuit court for the empanelling of a special jury for the trial of his cause, it will be presumed by this court, until the contrary is made manifest, that the business of the circuit court required the empanelling of such special jury for the trial of such cause. In such a case, the record must show very clearly that there was such an abuse of its discretion, in the order of the circuit court for the empanelling of a special jury, as had probably deprived the appellant of his constitutional right to a trial by "an impartial jury," before this court would be authorized to disturb such order of the circuit court, or to reverse the judgment below, on account of such order.

In the case at bar, the appellant's affidavit simply showed, we think, that the business of the court below, in so far as the trial of the appellant was a part of its business, required the court to order the empanelling of a special jury for the trial of his cause, as the court had the power to do under the above quoted section of the statute.

In the case of *Evarts* v. *The State*, 48 Ind. 422, and again in the case of *Winsett* v. *The State*, 57 Ind. 26, it was held by this court, that, under the provisions of said section 3, above set out, of the aforesaid act of March 7th, 1873, where the regular jury were out considering upon their verdict in a cause submitted to them, the court might order the empanelling of a special jury for the trial of another cause. Where, as in the case now before us, the regular jury have become and are disqualified to try and determine a pending cause, we are clearly of the opinion, that the court has the power, under the provisions of the above quoted section of the statute, if the business of the court requires it, to order the empanelling of a special jury for the trial of such cause.

It follows, therefore, that the appellant's application for

the continuance of this cause was properly overruled, and that the court did not err we think, in overruling his motion for a new trial.

The judgment is affirmed, at the appellant's costs.