No. 9950.

SAYERS ET AL. *v.* THE FIRST NATIONAL BANK OF CRAW-
FORDSVILLE.

CORPORATION.—*Name.*—*Pleading.*—Where the name of the plaintiff im-
ports a corporation, it is not necessary to aver in the complaint that the
plaintiff is a corporation.

SAME.—*Endorsement.*—The endorsement of a note to "The trustees of the
Indiana Asbury University" does not vest title in the persons who are
trustees, and where there is a further endorsement, "Trustees of Indiana
Asbury University, by John W. Ray, treas.," it will not be assumed, con-
trary to averment, that Ray had no authority to make such endorsement.

PLEADING.—*Complaint.*—*Amendment.*—A complaint on a note, and to fore-
close a mortgage securing it, may be amended, without leave, at any time
before trial, by the withdrawal of so much as relates to the mortgage.

SAME.—*Answer After Issue.*—The refusal to permit the defendant, after the
issues are closed, to plead an additional defence, which, if true, must
have been known before, is not error.

SAME.—*Variance.*—*Name of Bank.*—The variance between "1st Nat. Bank
of Crawfordsville, Ind.," and "First National Bank of Crawfordsville,"
is amendable on the trial, and will not be regarded in the Supreme Court.

From the Montgomery Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellants.

*G. W. Paul, M. D. White* and *J. E. Humphries,* for ap-
pellee.

ELLIOTT, J.—The complaint as it originally stood was upon
a promissory note and mortgage; but before trial so much of
the complaint as sought an enforcement of the mortgage was
withdrawn.

The name First National Bank of Crawfordsville imports
a corporation, and it was not necessary for the pleader to al-
lege that the appellee was incorporated. Where the name
used "argues a corporation," there is no necessity for averring
a corporate organization. *Mackenzie* v. *Board, etc.,* 72 Ind.
189; *Indianapolis Sun Co.* v. *Horrell,* 53 Ind. 527.

The note was endorsed by the payee to the immediate en-
dorsee of appellee in the name of the "trustees of the Indiana
Asbury University," and this, it is said, vests title in the trus-

Sayers *et al. v.* The First National Bank of Crawfordsville.

tees individually. We can not assent to this proposition. No individuals are named, and we can not say that the name used is not the corporate name, and if it is the corporate name then, of course, title vested in the corporation and not in the individuals who chanced to hold the office of trustees.

The endorsement to appellee is signed, "Trustees of Indiana Asbury University, by John W. Ray, treas.," and we can not, in the face of the allegations of the complaint, say that he was not authorized to execute the endorsement.

The appellee was rightfully permitted to dismiss so much of the complaint as sought a decree of foreclosure. A plaintiff may at any time before trial withdraw part of his cause of action in cases where the cause is severable.

The trial court has a large discretion in the matter of permitting or refusing amendments, and we can not say that this discretion was abused in refusing to permit the appellant Sayers to file an answer setting up his discharge in bankruptcy. The offer was not made until after the issues had been closed and the case called for trial. Courts have a right to require diligence in the formation of issues, and carelessness in filing answers where defences are fully known is not to be encouraged. Such a defence as that which appellant sought to interpose could not have been unknown, nor could the necessity of specially pleading it have been doubtful.

One who executes a note secured by mortgage is personally liable on the note, and in the same action personal judgment may be rendered and a decree foreclosing the mortgage entered, so that the personal liability of appellant Sayers was none the less while the part of the complaint seeking a foreclosure was standing, nor was it any greater after that part was withdrawn. The materiality of such a defence was not affected by the withdrawal of the part of the complaint mentioned.

The endorsement of the note read in evidence thus gives the name of appellee : " 1st Nat. Bank of Crawfordsville, Ind.," and it is claimed that there is a fatal variance. We are by no means satisfied that the abbreviations are not such as we

might judicially interpret without extrinsic aid (*Locke* v. *Merchants Nat. Bank*, 66 Ind. 353); but, however this may be, we are satisfied that the defect might have been remedied by amendment in the court below, and, this being so, it will not warrant a reversal. *Zann* v. *Haller*, 71 Ind. 136 (36 Am. R. 193).

Judgment affirmed.