No. 297.

## MYERS v. MOORE.

ASSAULT AND BATTERY.—*Civil Action.*—*Contributory Negligence.*—*Pleading.*—In a civil action for damages for assault and battery, it is not necessary to state that the plaintiff was without fault, as the doctrine of contributory negligence has no application in such action.

SAME.—*Damages.*—Where the evidence shows that the plaintiff's jaw was broken, and some of his teeth knocked out, by kicks received from the defendant, while the plaintiff was down, a verdict for one thousand dollars damages is not excessive.

SAME.—*Evidence.*—*Disposition of Property by Defendant.*—It was proper to ask the defendant as to the disposition made by him of his property after the commission of the alleged assault and battery, such an examination being competent as tending to disclose inculpatory facts and circumstances, and to explain the quality of the acts charged against the defendant.

SAME.—*Self-Defence.*—*Pleading.*—Self-defence must be specially pleaded.

INSTRUCTIONS.—*Must be Applicable to Issues.*—Instructions to the jury must be applicable to the issues.

PRACTICE.—*Pleading. — Amendment.*—*Discretion of Trial Court.*— The decision of the trial court refusing to permit an additional paragraph of answer to be filed after all the evidence is in will be sustained, unless it clearly appears that the court abused its discretion.

SPECIAL JURY.—*Empanelling of.*—Where the necessity for a special jury had arisen, and was being acted upon, it was not error to complete the jury, and require the case to be tried by it, although before the special jury was fully empanelled the regular jury had completed its labors and was available.

From the Elkhart Circuit Court.

*H. C. Dodge* and *J. S. Dodge,* for appellant.

*H. D. Wilson, W. J. Davis,* and *H. C. Wilson,* for appellee.

NEW, C. J.—This is an action by the appellee against the appellant, to recover for injuries resulting from an assault and battery, alleged to have been committed upon the appellee by the appellant.

The complaint is in two paragraphs, each charging the same assault and battery, but in the second paragraph special in addition to general damages are set out and claimed.

Demurrers to each paragraph were submitted, overruled and exceptions reserved. The appellant's answer was a general denial.

There was a trial by jury and finding for the appellee in the sum of one thousand dollars. A motion for a new trial made by the appellant was overruled and exception taken.

The appellant has assigned as error the overruling of demurrers to the first and second paragraphs of the complaint, and the overruling of the motion for a new trial.

It is insisted by appellant's counsel that it should be made to appear, from the allegations in the complaint, that the appellee, at the time of his injury, was not so acting as to excuse or justify the assault and battery complained of.

If this were done it would be the equivalent of a direct averment that the appellee was without fault; or, expressed somewhat differently, that there was no such fault, if any, on his part, as would excuse or justify the acts of the appellant.

To hold this to be a necessary averment, in any form, would be, in effect, to apply the doctrine of contributory fault or negligence to civil actions for assault and battery. The doctrine of contributory fault or negligence does not apply to such cases. This has been so firmly settled by the decisions in this State that we do not deem it necessary to do more than refer to the decided cases. *Steinmetz* v. *Kelly,* 72 Ind. 442; *Whitehead* v. *Mathaway,* 85 Ind. 85; *Norris* v. *Casel,* 90 Ind. 143. See, also, *Beem* v. *Chestnut,* 120 Ind. 390.

---
Myers *v.* Moore.
---

The grounds of the motion for a new trial, we will now examine, in the order of their discussion by counsel.

We are not prepared to say that the damages assessed by the jury are excessive. We have examined the evidence, and find that the appellee's jaw was broken, and some of his teeth knocked out, by kicks received from the appellant, while the appellee was down. The amount awarded by the jury as a compensation for the injuries received we do not, upon an examination of the evidence, feel justified in disturbing.

The next reason assigned for a new trial, is " for abuse of the discretion of the court in refusing to permit the defendant to amend his answer."

After all the evidence was in, the appellant asked leave to file an additional paragraph of answer, to wit, that of self-defence. An answer of general denial was all that had theretofore been filed.

It is shown by bill of exceptions that counsel for the appellant, in his opening statement to the jury and court, said that the defence to the complaint would be that of self-defence. It is also claimed by counsel for the appellant that there was evidence tending to show that the appellant was acting in self-defence only when he inflicted upon the appellee the injuries sued for.

The court refused to allow the additional paragraph of answer to be filed.

Whether permission should be given to amend the pleadings after the issues are closed, before the commencement of the trial, or upon the trial, is largely within the sound discretion of the lower courts, and should not be allowed except upon a sufficient showing. The decision of the *nisi prius* court, however, is not conclusive. It may be reviewed in this court, and will not be sustained where substantial injustice appears to have been done. *Burr* v. *Mendenhall*, 49 Ind. 496 ; *Chicago, etc., R. W. Co.* v. *Jones*, 103 Ind. 386.

We do not think any sufficient reason is disclosed by the record why the court should have permitted the amendment.

The defence of *son assault demesne* must be pleaded specially. This is the rule at common law, and it is not otherwise under the code. By section 356, R. S. 1881, it is declared that "All defences except the mere denial of the facts alleged by the plaintiff shall be pleaded specially." See 3 Blackstone Com., pp. 120 and 306; 1 Chitty Pleading, p. 535; *Norris* v. *Casel*, 90 Ind. 143.

Counsel for appellant, before entering upon the trial, had concluded to rest the cause of his client upon the ground of self-defence, and so announced to the court and jury. The fact, if it be such, that evidence was admitted without objection tending to show that the appellant was acting in self-defence can make no difference. Evidence offered or introduced for that purpose was not within the issues as formed, and we do not think the court was required to consider or be influenced by that evidence in passing upon the appellant's motion for leave to file an additional paragraph of answer. The refusal of permission to file the additional paragraph of answer was not, in our opinion, an improper exercise of the discretion possessed by the lower court.

It follows from what we have said that the court did not err in refusing to give to the jury the instructions requested by the appellant. These instructions related to the law of self-defence. There was no such issue in the case. The instructions of the court must be applicable to the issues. *Norris* v. *Casel, supra*.

The next ground named for a new trial is alleged error by the court in compelling the appellant to go to trial before a special jury.

It is shown by the record that the cause came on for trial on the 2d day of April, 1890, and that there remained two weeks and four days more of that term. One other jury trial

had been set down for the 9th day of the same month, and the court had announced that on the 5th of April the jury would be discharged until the 9th.

When the court was ready on the 2d of April to proceed with the trial the regular panel was out considering of their verdict in another case, and for that reason the court postponed the trial of the case at bar until the following morning. The next morning, at the calling of court, the jury was still out, whereupon the court directed two of the regular panel, who had been excused in the former cause, to take their seats as jurors in this case, and at the same time ordered the sheriff to fill the jury from the people of the county, and not to select alone from those who were present as bystanders. Selections of jurors were made by the sheriff as ordered by the court. Before the jury was fully empanelled the regular panel had concluded their labors, and thereupon the appellant again requested of the court that this cause be tried by the regular panel. This the court refused, and the appellant excepted. The cause was then tried before the jury last empanelled.

Section 520, R. S. 1881, reads as follows : " In any civil action where the parties are entitled to a trial by jury, and either party shall demand such trial, the sheriff shall call a jury from the regular panel, except as hereinafter provided."

Section 522 provides that " The court shall have the power, when the business thereof requires it, to order the empanelling of a special jury for the trial of any cause.

The empanelling of the special jury was ordered by the court for the trial of the cause at bar when the regular panel was out considering of their verdict in another cause. We think it can not be questioned that a necessity for a special panel existed at the time the order was made and at the time the empanelling of the special jury began. What progress had been made in its formation before the other had concluded its work is not shown.

Inasmuch as a necessity for a special jury had arisen, and was being acted upon because of an order which the court had the power to make, we do not think it was error to proceed to its completion, and require the case to be tried by it. Two of the jurors were of the regular panel, and no question is made but that all of them were possessed of the statutory qualifications, and when empanelled constituted an impartial body of triers.

In *Pierce* v. *State*, 67 Ind. 354, it was said : " In such a case, the record must show very clearly that there was such an abuse of its discretion, in the order of the circuit court for the empanelling of a special jury, as had probably deprived the appellant of his constitutional right to a trial by ' an impartial jury,' before this court would be authorized to disturb such order of the circuit court, or to reverse the judgment below, on account of such order." See, also, *Winsett* v. *State*, 57 Ind. 26 ; *Evarts* v. *State*, 48 Ind. 422 ; *Heyle* v. *State*, 109 Ind. 589.

The appellant testified in his own behalf, and over his objection was asked upon cross-examination, and required to answer, about the disposition made by him of his property, after the commission of the alleged assault and battery.

This examination was competent for one purpose. It might disclose inculpatory facts and circumstances proper to be submitted to the jury. It might throw light upon the quality of the acts charged against the appellant in the complaint. It is upon this principle, or theory, that evidence of flight, escape, disguise, concealment and the like, may properly be considered in determining the guilt or innocence of the accused in a criminal case. Its weight would be a question for the jury. If the appellant wanted to avoid an improper application by the jury of this evidence, he should have prepared a charge upon that subject and requested the court to give it. No complaint is made of the instructions given by the court as found in the record. See *Rollins* v.

*State*, 62 Ind. 46 ; *Marks* v. *Jacobs*, 76 Ind. 216 ; *Pittsburgh*, *etc.*, *R. R. Co.* v. *Noel*, 77 Ind. 110.

We find no ground for a reversal.

The judgment is affirmed, with costs.

Filed Oct. 15, 1891 ; petition for a rehearing overruled Dec. 12, 1891.