Filed May 11, 1892.

---

No. 15,796.

## HAVENS ET AL. *v.* GARD ET AL.

PRACTICE.—*Answer.*—*Filing During Trial.*—As to whether an answer should be permitted to be filed in a cause during trial is a matter of discretion with the court, and can only be taken advantage of when there is an abuse of discretion.

JURY.—*Filing Pleadings, After Swearing of.*—*Reswearing of.*—*Unavailable Error on Second Trial.*—Where pleadings are filed in a cause. after the jury have been sworn to try said cause, and the jury is not resworn after filing said pleadings, and there is a second trial of said cause, the failure to reswear the jury in the first trial is not error to be taken advantage of in the second.

From the Tippecanoe Superior Court.

*J. V. Kent, G. W. Stubbs* and *J. W. Baird,* for appellants.
*S. O. Bayless* and *C. G. Guenther,* for appellees.

ELLIOTT, C. J.—This was a proceeding in attachment. There were several plaintiffs having distinct causes of action, but the cases were consolidated in one proceeding and there was one trial. The plaintiffs succeeded upon the main

Havens *et al. v.* Gard *et al.*

issue, but failed upon the issue joined on the affidavits in attachment.

The appellants moved for judgment in the ancillary proceeding upon the ground that, as the statements of the affidavits in attachment were not denied, they were entitled to enforce the attachment. As the record presents the case to us, answers denying the statements of the affidavits were filed before the motion of the appellants was interposed, so that the question is not whether, if there had been no answer, the motion would have been well taken, but the question is whether the motion having been filed after the answers were in, there was material error in overruling it. We think it clear that at the time the motion was filed the answers in denial prevented success upon the motion. At that time the motion was not well taken, since there was a direct issue. It is quite doubtful whether the appellants, by submitting the case for trial, did not waive an answer and treat the statements of the affidavits as controverted. If there was, as is now assumed, no issue, then the court and the parties did a vain and idle thing, inasmuch as they undertook to try a case where there was no controversy. We think the reasonable rule in such cases is to assume that an answer was waived and an issue impliedly joined. Many analogous cases warrant this conclusion. *Buchanan* v. *Berkshire, etc., Co.,* 96 Ind. 510, and cases cited; *June* v. *Payne,* 107 Ind. 307; *Purple* v. *Farrington,* 119 Ind. 164; *Thames, etc., Co.* v. *Canada, etc., Co.,* 127 Ind. 250 (54), and cases cited. But, however this may be, it is quite clear that there was no error in overruling the motion. If there was error at all, it was in abusing the discretion vested in the court by permitting answers to be filed, so that the point attempted to be made by the appellants is not presented by the record. But if it were presented, we could not hold that there was an abuse of discretion. This conclusion is so well settled that it is unnecessary to cite authorities.

The position of the appellants that the jury should have

been resworn after the answers were filed, if maintainable in any case, is certainly not maintainable in such a case as the one before us. There was no judgment upon the verdict of the jury, for there was a second trial and a finding by the court upon which the judgment from which this appeal is prosecuted was rendered, so that the question whether there was or was not error in failing to reswear the jury before whom the first trial was had is utterly immaterial.

We have studied the evidence, but we can not disturb the finding, for we are unable to say that there is no evidence sustaining the finding of the court.

Judgment affirmed.

Filed May 11, 1892.