## VERDICT NOT INVALIDATED BY MISCONDUCT OF THE PROSECUTOR.

Circuit Court of Lorain County.

HARRY SISSON v. STATE OF OHIO.

Decided, December, 1909.

*Criminal Law—Misconduct of Prosecuting Attorney—No Reversal, When.*

In a criminal case, where it is plain from the evidence that the jury could not have reached any conclusion other than that which was reached, a verdict will not be set aside for reprehensible misconduct of the prosecuting attorney.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Sisson was indicted under the name of Harry Sisson, alias Herman Connors, alias Joseph St. John, for murder in the first degree; the charge being that he killed Young Pa while he (Sisson) was engaged in perpetrating a robbery.   Upon the trial the jury returned a verdict of guilty of murder in the first degree with recommendation to mercy.   Whereupon he was sentenced to imprisonment in the penitentiary for the term of his natural life.   By proper proceeding the case is here on error.

The plaintiff in error urges as ground for the reversal of the judgment that the verdict was not sustained by sufficient evidence, by reason of which the court erred in overruling a motion filed by him for a new trial, and also that there was error in overruling such motion by reason of misconduct on the part of the prosecuting attorney in his closing argument to the jury. Both of these questions were considered by Judge Washburn upon the hearing of such motion and a very able and instructive opinion was prepared by him upon the overruling of such motion.   This opinion is now in our hands and it is not deemed important that very much be said other than what is said in that opinion.   We reach the same conclusion which was reached by Judge Washburn.

We think it proper to say, however, with such emphasis as we can, that the language used by the prosecuting attorney, complained of by the plaintiff in error, is deserving of severe censure.   It was improper for him to speak of the fact that the prisoner had failed to produce any evidence as to his good character.   The language used in that regard was extravagant, and we think the court, when attention was called to it, erred in saying, "the argument is proper."   The only justification claimed for this is that the prisoner himself had been upon the witness stand and by his own testimony had shown a bad character, but that was not what he went upon the witness stand for, as he had nowhere by his own testimony or otherwise undertaken to show a good character.

So about the language of the prosecuting attorney in urging upon the jury that they should not only find the prisoner guilty of murder in the first degree but they should not recommend him

to mercy, and in this connection, referring as he did to his record as prosecuting attorney and the hope that while he held that position in Lorain county no man guilty of murder in the first degree should be recommended to mercy, he was wholly outside of and beyond the duties of the prosecuting attorney.

It was his duty to present the evidence and to make a legitimate argument from such evidence as to the guilt of the prisoner on trial, and he should have left it entirely with the jury to say whether he should be recommended to mercy; it was no part of his duty to urge the jury to overlook any inclination on their part to make such recommendation. Certainly no consideration of the record or reputation of the prosecuting attorney should have been permitted to weigh at all with the jury as to their action in this regard. However, as to this appeal that there should be no recommendation to mercy, the jury disregarded it, so the prisoner suffered nothing from this language unless it had a tendency to induce them to find that the prisoner was guilty.

An examination of the evidence brings us to the conclusion reached by the jury and by Judge Washburn, that beyond all reasonable doubt this man was guilty of the murder of which he was convicted, and that being so, we feel justified in affirming the action of the court of common pleas in refusing a new trial, and of affirming the judgment of that court.

In the Texas case of *Pollard* v. *State*, 26 S. W., 70, the language of the prosecuting attorney was very much like the language of the case under consideration, but in that case the court refused to direct the jury not to consider these remarks of the prosecuting attorney. In that case the judgment was reversed. It does not clearly appear from the opinion whether it would have been reversed, but for the refusal of the court to charge that this language should be disregarded.

In the Michigan case of *The People* v. *Evans*, 40 Northwestern, 473, where similar language was used by the prosecuting attorney to the jury, the court held that the wrong thereby caused was not cured by the instruction of the court to the jury to disregard the remark.

In the case of *House* v. *State*, 19 Tex. Crim. App., 227, the sixth clause of the syllabus reads:

"This court will reverse a conviction because in the trial the counsel for the state abused his privilege of debate, only when it appears, (1), that the remarks used in argument were improper, and (2), that they were of a material character, and such as, under the circumstances, were calculated to injuriously affect the defendant's rights." (See the opinion *in extenso*, and the statement of the case, for statements in argument held not to be such an abuse of privilege as to authorize the reversal of the judgment.)

This is cited with approval in the case of *Coyle* v. *State,* 21 Southwestern, 765; the same question arises in a Mississippi case, *Hemingway* v. *State,* 8 Southern Rep., 317. Also in *Wells* v. *State,* 16 Southwestern, 577; *Heyl* v. *State,* 109 Ind., 589; *State* v. *Ean,* 90 Ia., 534; *Price* v. *Commonwealth,* 99 Ky., 370; *State* v. *McGeahy,* 3 No. Dak., 293; *State* v. *Moody,* 7 Wash., 395; *State* v. *Shawn,* 40 W. Va., 1.

In the second paragraph of the syllabus of the case last cited this language is used:

"Where a criminal trial is in other respects fair, a verdict of conviction will not be set aside for improper remarks of counsel where it" (the verdict) "is plainly warranted by the evidence of the case under the law, and no other verdict could have been found without misconduct by the jury."

In that case among other things which were improperly said by counsel for the state in his closing argument to the jury, were these words:- "He is so steeped in crime that he has no friend to sit beside him during the trial." And yet in this case the conviction was affirmed because of the fact that the evidence so clearly established the guilt of the prisoner that no other verdict could have been found without misconduct by the jury.

From these authorities we feel justified in adhering to the general proposition that where it is plain from the evidence that the jury could not if they were sensible men reach any conclusion other than that which was reached, a case should not be reversed, though the conduct of the prosecuting attorney was reprehensible.

We reach the conclusion, therefore, that the judgment of the court below should be and it is affirmed.