## MILES *v.* MILLER AND SONS.

[No. 12,164.   Filed April 8, 1925.]

1. APPEAL.—*Ruling on motion will not be considered when motion not set out in appellant's brief.*—A ruling on a motion for a continuance will not be considered on appeal where the motion is not set out in appellant's brief.   p. 666.

2. APPEAL.—*Ruling on motion for continuance cannot be assigned as error.*—A ruling on a motion for a continuance cannot be made the basis of an assignment of error, but must be assigned as a cause for a new trial.   p. 666.

3.  APPEAL.—*Trial court's decision of question of fact conclusive on appeal.*—The decision of the trial court on all issues of fact is conclusive on appeal, and where there was conflicting evidence as to whether a certain payment was to be applied on the note sued on, the trial court's decision will not be disturbed on appeal.  p. 666.

From Switzerland Circuit Court; *Frank M. Long,* Special Judge.

Action by W. H. Miller and Sons against George W. Miles.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Francis M. Griffith* and *George W. Miles,* for appellant.

*Sulzer, Bear & Bear,* for appellee.

ENLOE, J.—Action by appellee against appellant upon a promissory note.  A trial by the court resulted in a judgment in favor of appellee.  The errors assigned on appeal are: overruling appellant's motion for a continuance, and overruling his motion for a new trial.

As to the first alleged error, no question is presented for the following reasons, viz.: the failure of appellant to set out said motion in his brief filed herein, and second, because it is now the settled law of this State that such a ruling cannot be made the basis of an independent assignment of error, but, to be available, it must be assigned as a cause for a new trial, in a motion in that behalf.  *Yazel* v. *State* (1908), 170 Ind. 535, and authorities cited.

The second assigned error involves a consideration of the evidence.

The note which was the foundation of this action was executed in 1911, and indorsed thereon was a credit of $25, as having been paid thereon February 19, 1919.  The president of appellee company testified that this payment, which was by check of appellant, was made by appellant as a partial payment

on this note; this, the appellant denied. The issue thus raised was one of fact for the trial court; its decision on all issues raised by the pleadings we cannot, upon this record, disturb. The appellant has presented no error.

Affirmed.