STATE OF INDIANA *v.* SNYDER ET AL.

[No. 14,008. Filed December 23, 1932.]

*James M. Ogden,* Attorney-General, and *Connor D. Ross,* Assistant Attorney-General, for appellant.

*Henderson & Henderson, George V. Moss* and *Harker & Irwin,* for appellees.

NEAL, J.—This action was brought by appellee, a partnership, in the Marion Superior Court, sitting as a court of claims. The complaint purports to be drawn on the theory of a breach of a highway construction contract entered into by appellee partnership with the State of Indiana, through the Indiana State Highway Commission, for the construction of project No. 74B on a state road between Lebanon and LaFayette; the alleged breach relied upon being delay in procuring the right of way.

The issues were joined on appellee's amended complaint and appellant's six paragraphs of answer, which answer was filed after appellant's demurrer to the complaint for insufficiency of facts had been overruled. The answers were: (1) General denial; (2) plea in abatement; (3) and (5) estoppel; (4) and (6) waiver. The cause was tried on the amended complaint and the answer in six paragraphs. The trial court, upon request, found the facts specially; stated its conclusions of law thereon, and rendered judgment accordingly and in favor of appellee. The errors relied upon for reversal

are: (1) Error of the court in overruling appellant's demurrer to appellee's amended complaint; (2) error of the court in each of the conclusions of law; (3) error of the court in overruling appellant's motion for a new trial, assigning causes: (1) That the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) separate error in the admission of several items of evidence; (4) error of the court in denying appellant's motion for leave to file its tender seventh paragraph of answer.

The appellee has called our attention to the fact that appellant's brief is not in compliance with the rules of this court in that many of appellant's propositions are abstract statements and not specifically applied to the errors complained of, and, hence, not in compliance with Rule 22 of the court. Further, appellant has attempted to combine "error in conclusions of law" and "sufficiency of the evidence." We believe there is much merit in appellee's contention.

No error is presented with regard to the admission of evidence because appellant fails to set out in its statement of the record the question, objection, ruling, exception and answer.

The special finding of facts are, in substance, that appellees, as partners, entered into a contract with the State Highway Commission for the construction of a Federal Aid project, known as project No. 74, section B; that pursuant to said contract said contractor entered upon the construction of the improvement; constructed a complete plant at the side thereof, provided and installed a complete unit of equipment for the contraction of said work and fully performed all the provisions of said contract on the part of said contractor to be performed, at the time and in the manner required by said contract and the orders of said defendant, excepting only as delayed by the fault of the ap-

pellant. That, by virtue of said contract, it was the duty of the defendant to furnish the right of way for said highway; that at the time the proposal for bids for the construction for said project was filed and the contract entered into by the parties and at the time the contractor entered upon the work and for a long time thereafter, said contractor believed that said appellant had secured the whole of the right of way for said defendant and did not know that portions thereof had not been secured and did not learn that portions of said right of way above mentioned had not been secured until long after the execution of said contract and during the progress of the work; that during the years 1924, 1925, and 1926, said contractor repeatedly and constantly demanded of said appellant that said unsecured portions of such right of way be secured; that during the years of 1924, 1925, and 1926, appellant repeatedly and constantly promised said contractor that it would secure said portion of right of way and caused and required said contractor to hold in readiness at the site of said improvement the plant and equipment at all times from the execution of said contract until the final completion of the work; that if all of such right of way had been furnished at the time of the execution of the contract, or by the time the contractor was ready to and did begin work, or within a reasonable time thereafter, said contractor could have and would have completed said work on or before November 1, 1924; that by reason of said delay on the part of appellant in the furnishing of the right of way, said contractor was unable to and did not complete said work by November 1, 1924, but was delayed for a period of twenty-four months by appellant's failure to secure the right of way, and said contractor was required to and did maintain said plant and equipment at the site of said improvement during all of said period including said period of

delay; that such delay in furnishing the right of way was caused without any fault whatever on the part of the contractor and was solely caused by the fault of appellant, and that the delay in furnishing the right of way constitutes a breach of the contract and resulted in damages to the contractor in the sum of $34,900.

Appellant, in its several propositions, sets forth that it could not be liable for the failure of procuring the right of way for the construction of the highway in question for the reason that such was a governmental function involving the exercise of the power of eminent domain, one of the important attributes of sovereignty and it could not be a subject of contract so as to render the State liable for the acts or omissions of its officials in exercising the power. This proposition has been answered by the Supreme Court of the State of Indiana, by the case of *State* v. *Feigel* (1932), 204 Ind. 438, 178 N. E. 435. It would serve no good purpose to set forth the substance of the decision of the Supreme Court in the above case.

Upon the authority of *State* v. *Feigel, supra,* we hold that the court did not err in overruling the demurrer to the complaint, neither did it err in its several conclusions of law. The evidence fully sustains the finding of the court and the decision of the court is not contrary to law.

No error was committed by the court in refusing to permit appellant to file a tendered seventh paragraph of answer for the reason the issues were closed and the answer was not tendered until the morning of the trial. No showing was made that the answer could not have been filed earlier. It appeared that the facts pleaded in the paragraph of answer had been known to appellant. It would have been unfair to appellees for the court to have permitted a new issue

to be raised on the morning of the trial, without any excuse whatever, on the part of appellant. *Saylers* v. *First, etc.* (1883), 89 Ind. 230, 231. We fail to find that the refusal of the court to permit the filing of the answer was harmful to appellant.

Judgment affirmed.