GRAND RAPIDS MOTOR EXPRESS, INC. *v.* CROSBIE

[No. 17,477.   Filed January 10, 1947.   Rehearing Denied
January 10, 1947.   Transfer Denied April 22, 1947.]

*Oscar C. Strom,* of Gary, for appellant.

*Peters & Highland,* and *P. L. O'Brien,* all of Hammond, for appellee.

HAMILTON, P. J.—This opinion supersedes written opinion dated November 7, 1946, which is hereby withdrawn. We have considered not only the questions raised by the original briefs but also those urged in the brief on petition for rehearing.

This was an action by appellee against appellant to recover for damages to appellee's motor truck-trailer unit, and loss of the use thereof, allegedly caused by

the negligent operation of a motor truck-trailer unit owned and operated by appellant. Appellant filed a cross-complaint. Issues were joined upon the complaint and cross-complaint and the cause was tried to a jury, which returned its general verdict in favor of appellee and assessed damages in the sum of $2,600. No verdict was returned upon the cross-complaint. Appellant filed its motion for judgment on the answer to interrogatories notwithstanding the general verdict, which motion was overruled by the court.

Errors assigned were as follows:

"1. The Court erred in rendering a judgment against the appellant (defendant) on his Cross Complaint.

"2. The Court erred in refusing the application of the appellant (defendant) to file said appellant's (defendant's) Third and Supplemental Paragraph of Answer.

"3. The Court erred in denying the appellant's (defendant's) application for a continuance because of absence of Wayne DeWendt, a material witness in the military service in the Pacific Islands.

"4. The Court erred in refusing the appellant's (defendant's) Petition for leave to take the deposition of witness Wayne DeWendt, in Tokyo, Japan.

"5. The Court erred in refusing application of the appellant (defendant) for time to take the deposition of witness, Wayne DeWendt, in Tokyo, Japan.

"6. The Court erred in refusing to give to the Jury each of the Interrogatories numbered 1 to 27, tendered by the appellant (defendant) with a request that the Court require the Jury to answer the same.

"7. The Court erred in over-ruling the appellant's (defendant's) Motion for Judgment in its favor on the Interrogatories submitted to the Jury,

and the answers of the Jury to such Interrogatories.

"8. The Court erred in over-ruling the appellant's (defendant's) Motion for Judgment Notwithstanding the Verdict."

Nine interrogatories were submitted to the jury and answers thereto were returned by the jury in which the following facts were found as established by the evidence: That George Sutherland was the agent of George Crosbie, the plaintiff, at the time of the accident; that James Pierce was the agent of appellant at the time of the accident; that there was other motor vehicle traffic traveling east from the west at the time of the accident; that there was a berm, or shoulder, about 12 feet wide on the south side of the pavement at the place of the accident upon which plaintiff's truck could have been safely driven before the accident; that said berm, or shoulder, was frozen and in hard condition; that plaintiff had lights lighted on his truck at the time of the accident; that plaintiff's truck was in motion at the time of the accident; that plaintiff's driver did not put out any flares before the accident.

Appellant's first assignment of error calls in question the ruling of the court in rendering judgment against him on his cross-complaint when the jury had had failed to make any express finding under the issues joined upon the cross-complaint. This assignment of error is not well taken for the reason the general verdict was: "We, the jury, find the issues for the plaintiff . . . ." Under this verdict the jury necessarily found that the defendant was guilty of the negligence alleged in appellee's complaint and such verdict further found that the plaintiff was not guilty of the negligence charged in the cross-complaint, or otherwise the jury could not have found the issues for the plain-

tiff. The issues included those joined on the complaint and the cross-complaint. In such a case the court was justified in rendering judgment against the appellant on his cross-complaint. *Chambers* v. *Butcher* (1882), 82 Ind. 508, 516; *Beers* v. *Flock* (1891), 2 Ind. App. 567, 568, 23 N. E. 1011.

The second assignment of error attempts to present the ruling of the court in refusing appellant's application to file a third and supplemental paragraph of answer. The record discloses that issues were closed and the cause submitted for trial on November 15, 1945, and during the trial of said cause, *viz.:* November 20, 1945, appellant tendered for filing its third paragraph of answer which was refused by the court.

It is well settled by the Indiana authorities that the filing of additional pleadings after the issues are closed and the trial of the cause has been commenced is wholly within the discretion of the trial court. *Sayers* v. *The First National Bank of Crawfordsville* (1883), 89 Ind. 230, 231; *Havens* v. *Gard* (1891), 131 Ind. 522, 523, 31 N. E. 354. Appellant failed to make any showing of diligence in offering to file a third paragraph of answer and for this reason alone the court did not err in refusing to permit the pleading to be filed. *State* v. *Snyder* (1932), 95 Ind. App. 390, 394, 183 N. E. 680; *Myers* v. *Moore* (1891), 3 Ind. App. 226, 228, 28 N. E. 724.

Appellant's assignments of errors Nos. 3, 4, and 5 relate to the ruling of the trial court in (1) denying appellant's application for a continuance because of the absence of one Wayne DeWendt, a material witness in the military service in the Pacific Islands, and (2) in refusing appellant's petition for leave to take the deposition of said Wayne DeWendt

in Tokyo, Japan, and (3) denying an application for time to take said deposition.

Each of said rulings constitutes a ground or reason for a new trial. *Anderson* v. *State* (1924), 195 Ind. 329, 333, 145 N. E. 311; *Yazel* v. *State* (1908), 170 Ind. 535, 539, 84 N. E. 972.

The record discloses that the appellant failed to file a motion for a new trial. It is firmly established by the Indiana decisions that causes or reasons for a new trial cannot be assigned as error upon appeal in an independent assignment of error but such rulings must be brought forward in a motion for a new trial and the ruling on the motion for new trial be assigned as error upon appeal. *State* v. *Brubeck* (1932), 204 Ind. 1, 170 N. E. 81; *Miles* v. *Miller & Sons* (1924), 82 Ind. App. 665, 666, 147 N. E. 281; *Camblin* v. *Metzger* (1932), 94 Ind. App. 273, 180 N. E. 679. Therefore, no question is presented for our determination by the aforesaid assignments of errors.

Assignment of error No. 6 seeks to question the ruling of the court in refusing to submit to the jury certain interrogatories, requested by the appellant, and this is also a matter which constitutes a reason for a new trial. *Aurelius* v. *Lake Erie and Western Railroad Co.* (1897), 19 Ind. App. 584, 595, 49 N. E. 857; *Franklin Ins. Co.* v. *Wolff* (1902), 30 Ind. App. 534, 539, 66 N. E. 756. For the reasons just stated this assignment of error presents no question for consideration.

Assignments of errors Nos. 7 and 8 present the question as to the correctness of the action of the court in overruling appellant's motion for judgment in its favor on the answer to the interrogatories submitted to the jury notwithstanding the general verdict. In considering the ruling on such motion,

we are limited to a consideration of the pleadings, the general verdict, the interrogatories, and answers thereto. Every reasonable presumption and inference must be indulged in favor of the general verdict and nothing will be presumed or inferred in favor of the answers to the interrogatories as against the general verdict. Finally, the general verdict must prevail unless there is such an irreconcilable conflict between the answers and the verdict as cannot be removed by any possible evidence legitimately admissible under the issues. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 300, and 301, 53 N. E. 235; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 446, 447, 78 N. E. 1033.

The complaint herein alleged nine separate and several acts of negligence in the operation of appellant's motor truck-trailer unit as being the proximate cause of the accident and the resultant damage to appellee's motor truck-trailer unit. Referring to the answers to the interrogatories as hereinabove set forth, we find that there is absolutely nothing in any of the answers to the interrogatories which is in irreconcilable conflict with the general verdict. In fact, we fail to find any conflict whatsoever between the general verdict and the answers to the interrogatories which could not be removed or explained by evidence admissible under the issues.

The court did not err in overruling the motion of appellant for judgment in its favor on the answers to the interrogatories, not withstanding the general verdict.

The judgment is affirmed as of November 7, 1946, the date of the original opinion, and the petition for rehearing is overruled.

DRAPER, J., not participating.

NOTE.—Reported in 69 N. E. (2d) 247.