### WHITE *v.* THE STATE.

CRIMINAL LAW.—*Continuance.*—The fact that in a joint prosecution upon in-formation a continuance is granted as to a part of the defendants is no ground for continuance as to another defendant.

SAME.—*Evidence.*—*Alibi.*—The fabrication of an *alibi*, like the wilful intro-duction of false and fabricated evidence in support of any other ground of defense, is a circumstance against the accused, to be weighed by the jury in connection with all the other evidence in the case; but where the evidence tending to prove an *alibi* is uncontradicted, and the witnesses are unim-peached, and the facts testified to are reasonable in themselves, the failure of the defendant to account for his whereabouts during all the time within which the offense was probably committed should not be taken as a circum-stance tending to prove his guilt.

APPEAL from the Clay Common Pleas.

This was a joint prosecution against the appellant and others for an assault and battery on the body of Elizabeth Miller.

Horton, one of the defendants, filed an affidavit for the continuance of the cause as to himself and Stingle, anoth-er defendant, in consequence of the absence of certain wit-nesses, by whom, it was alleged, an *alibi* could be proved as to said Horton and Stingle. The appellant, White, also moved for a continuance on the same affidavit. The con-tinuance was granted as to Horton and Stingle, but re-fused as to the appellant, to which he excepted. White was then put upon trial on the plea of not guilty. The jury found him guilty, and assessed his fine at seventy-five dol-lars. A motion for a new trial was made and overruled, and judgment rendered on the verdict.

Evidence was given on the trial tending to prove an *alibi*, on the part of the appellant, in reference to which the court instructed the jury as follows:

"The defendant in this case seeks to show that he was not present at the time the offense is charged to have been committed; or, in the language of the law, to establish an *alibi*. Before a defense of this character is conclusive, the

defendant must account for his whereabouts during all the time the offense was probably committed, and his failure to do so would be a circumstance against him, which you should consider in connection with the other evidence in the case." To this instruction an exception was taken, and the giving of it is one of the reasons urged for a new trial.

ELLIOTT, C. J.—There was no error in the refusal of the court to grant a continuance of the cause to the appellant. No affidavit was filed by him, or on his behalf, showing any reason for a continuance. There was no statement in the affidavit of Horton that the appellant was not present at the commission of the offense charged in the information. The fact that a continuance was granted as to Horton and Stingle afforded no ground for a continuance as to the appellant. He was properly tried separately, after the cause was continued as to the others.

Overruling the motion for a new trial is assigned for error. Under this assignment it is insisted that the court erred in instructing the jury, that as the defendant had attempted to prove an *alibi*, his failure to account for his whereabouts during all the time of the probable commission of the offense would be a circumstance which the jury should consider against him.

In such a case, if it should be made to appear that the defense was false and feigned, and attempted to be established by false or fabricated evidence, as by the subornation of witnesses, the attempt to impose it on the court and jury would undoubtedly be a circumstance of much weight against the defendant. But if the evidence tending to prove an *alibi* is uncontradicted, the witnesses unimpeached, the facts testified to reasonable of themselves, and not disproved or contradicted, it would seem unreasonable to say that the attempt to establish the fact would be a circumstance tending to prove the defendant's guilt, simply because the evidence adduced does not satisfactorily account for the whereabouts of the defendant during the entire pe-

riod of time within which the offense might have been committed.

We have been unable to find any authority in support of so broad a rule, except a passage in Wills on Circumstantial Evidence, p. 83, where it is said, that "an unsuccessful attempt to establish an *alibi* is always a circumstance of great weight against the prisoner, because a resort to that kind of evidence implies an admission of the truth and relevancy of the facts alleged, and the correctness of the inference drawn from them, if they remain uncontradicted."

Such inferences may reasonably be drawn from an attempt to fabricate an *alibi* by false testimony, when that fact is disclosed; but where the evidence adduced is uncontradicted, and the facts testified to are probably true, but are deemed insufficient to establish the *alibi*, no good reason is perceived why the failure should, of itself, be taken as a circumstance to prove the guilt of the accused, or strengthen the evidence of the prosecution. The true rule in such cases, we think, is, that the fabrication of an *alibi*, like the wilful introduction of false and fabricated evidence in support of any other ground of defense, is a circumstance against the accused, to be weighed by the jury in connection with all the other evidence in the case. See Roscoe Crim. Ev. p. 17.

In the case at bar, it was testified by the prosecuting witness, that the offense charged was committed between the hours of twelve and one o'clock at night, outside of the house. The parties who committed the offense were partially disguised. The prosecuting witness testified to the identity of White in very positive terms. The general characters of the principal prosecuting witnesses were strongly impeached. The evidence given by four of the sons of White, who lived with him and slept in the same room, with that of two of the other parties accused, strongly tended to show that White was not present at the commission of the offense, but, on the contrary, was in bed at home, in the same neighborhood, when the offense was committed.

The facts testified to by these witnesses were uncontradic-
ted and unimpeached; and if they were not sufficient to
prove an *alibi*, still we do not think the failure should be
taken as an evidence of his guilt. We think the instruc-
tion given was erroneous and well calculated to mislead the
jury, and for that reason a new trial should have been
granted.

Judgment reversed, and the cause remanded for a new
trial.

*A. T. Rose* and *D. E. Beem*, for appellant.

*D. E. Williamson*, Attorney General, for the State.