Proctor *v.* DeCamp.

———◆———

No. 9678.

## PROCTOR *v.* DeCamp.

PRACTICE.—*Argument of Counsel.*—*New Trial.*—Neither errors of law nor errors in logic occurring in the address of counsel to the jury can be cause for a new trial, if what is said be within the evidence.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

ELLIOTT, J.—On the trial of this cause the appellee put in

evidence a letter written him by the appellant, in which reference is made to one written by the former to the latter. The appellant was afterwards called by the appellee as a witness and was asked for the letter referred to in the one written to him. He refused to produce the letter called for, or to state its contents. In the closing argument to the jury, the appellee's counsel " said " (we copy from the bill of exceptions), " in reference to the letter, that they did not know its contents, but as the defendant had refused to produce it they had the right to presume that it contained matters the most unfavorable to the defendant; that said letter, having been addressed to Proctor, it was presumably in his possession; that it was safe to presume there was nothing in the letter favorable to Proctor, or he would have produced it in evidence; and that the rule of law applicable to papers or letters shown to be in the possession of a party, and not produced by him, was that they contained nothing favorable to him, or he would have produced them; and that he should be treated as a spoliator and all presumptions indulged against him."

Conceding, but not deciding, that the appellee's counsel was incorrect in his statement of the law to the jury, upon the subject of the failure of a party to produce papers in cases where no notice to produce has been given, we are clear that the appellant is not entitled to a judgment of reversal. Courts can not undertake to confine the argument of counsel within such rigid limits as appellant seeks to establish. Errors in logic, or in law, occurring in the address to the jury, can not be made a cause for overturning the verdict. If the error is of logic—if illogical conclusions are drawn or illicit inferences made—the courts can not correct them by directing counsel to reason logically. If, however, counsel state the law incorrectly in their address to the jury, the adverse party can secure a correction. The correction is not to be obtained by objecting to the statements of the counsel during the argument, but by asking the court to give the law to the jury in its instructions.

There was evidence, in the case before us, upon which the appellee's counsel had a right to comment. Granting that he drew from it an unauthorized conclusion, or that he gave it a wrong coloring and meaning, he was still within the evidence, and when this is so courts can not interfere. If counsel go beyond the evidence and bring in foreign and unproved matters, courts should interfere, and if the trial court does not interfere, and the matter improperly brought before the jury is of a material character, the appellate court may reverse the judgment. But it is not every violation of the rules governing the discussion of causes before the jury that will entitle the complaining party to have the verdict set aside; for if the statement be an unimportant one, or one not likely to wrongfully influence the jury, the verdict will be upheld. *Morrison v. State,* 76 Ind. 335; *Combs v. State,* 75 Ind. 215; 14 Central Law J. 406.

Judgment affirmed.