No. 13,888.

### BEHLER *v.* THE STATE.

INTOXICATING LIQUOR. — *Affidavit for Continuance.* — *Admissibility in Evidence.* — *Admissions.* — An affidavit for a continuance containing admissions by the accused is admissible in evidence against him, but he may explain the statements therein by any competent evidence.

SAME. — *Sale to Minor.* — *Good Faith of Seller.* — *Fabrication of Evidence.* — In a prosecution for selling intoxicating liquor to a minor, it is proper to prove facts tending to show that the defendant did not act in good faith, believing the buyer to be twenty-one years of age, and on this point the fabrication of evidence may be shown.

SAME. — *Prosecuting Attorney.* — *Misconduct in Argument.* — Where the prosecuting attorney confines his argument to the issues and the evidence there is no misconduct, although there may be erroneous inferences.

From the DeKalb Circuit Court.

*W. L. Penfield,* for appellant.

*L. T. Michener,* Attorney General, *H. C. Peterson,* Prosecuting Attorney, *J. H. Gillett* and *C. E. Emanuel,* for the State.

ELLIOTT, J.—The appellant prosecutes this appeal from a judgment declaring him guilty of the misdemeanor of selling liquor to a person under twenty-one years of age.

The evidence shows, without contradiction, that the person to whom the liquor was sold was not more than seventeen years old, and it also tends very strongly to show that the appellant had reason to believe, and did believe, that he was not of the age of twenty-one years.

On the trial the court permitted the prosecuting attorney to read in evidence an affidavit of the appellant filed on a motion for a continuance. We perceive no error in this ruling. The admissions in such an affidavit were made, it is to be presumed, with care and deliberation, and they were made under oath. Admissions so made are certainly as competent as oral admissions made to a clerk, a sheriff, or any other in-

·dividual, and surely no one would doubt that an oral admission of a material fact would be admissible.

Statements in an affidavit for a continuance are not admitted, as counsel supposes, because they attack the general ·character of the accused, but because they tend to prove or disprove some material fact, or to contradict a witness introduced by the accused. In this case the statements tended to contradict the statements of the appellant when on the witness stand, as well as statements of his brother who testified in his behalf.

Affidavits for a continuance are entirely unlike affidavits for a change of venue, and counsel goes very far astray in asserting their similarity. Affidavits of the former class are required to state material evidentiary facts, and when they are stated they are affirmed by the affiant to be true. He thus admits, in a very solemn manner, their truth, and this admission may be used against him. In affidavits for a change of venue no evidentiary facts are stated, and they can not, therefore, supply evidence to be used on a trial.

The act of an accused in making a sworn statement of a fact or facts that he expects to prove by a witness, and in stating that he can prove such fact or facts by no other witness, is a purely voluntary act, deliberately performed and with ample time for reflection. It is no doubt true that an accused may show that he was mistaken as to some or all of the statements contained in his affidavit; and so, too, he has a right to explain them if he can by competent evidence, but the statements are nevertheless admissions, and, as such, entitled to go to the jury.

There is nothing giving to the statements in an affidavit for a continuance a privilege; nor is there anything which impresses upon them any compulsory or confidential features. The affidavit is a paper belonging to the files, public in its character, and freely executed.

It was a material question whether the appellant acted in good faith and in the reasonable belief that the person to

whom he sold the liquor was twenty-one years of age. The rule upon this point is thus stated by WORDEN, J., in *Goetz* v. *State*, 41 Ind. 162 : "But the burthen of proof on this subject is on the defendant; and to make out this defence, such facts must be shown as will justify the inference of such *bona fide* belief." *Farbach* v. *State*, 24 Ind. 77 ; *Rineman* v. *State*, 24 Ind. 80 ; *Payne* v. *State*, 74 Ind. 203 ; *Mulreed* v. *State*, 107 Ind. 62. It was, therefore, proper to prove facts tending to show that the appellant did not act in good faith, and upon this point it was unquestionably competent to prove the fabrication of evidence. *White* v. *State*, 31 Ind. 262 ; *Sater* v. *State*, 56 Ind. 378 ; Lawson Presumptive Evidence, rule 115.

There was no such misconduct on the part of the prosecuting attorney in the argument as will warrant a reversal. It was proper for him to discuss the question of the appellant's good faith, and even if it were granted that he was mistaken as to the inferences he drew from the evidence, we could not reverse.

Where counsel confine their discussion to the issues and the evidence there is no misconduct, although there may be much bad logic and many erroneous inferences. *Proctor* v. *DeCamp*, 83 Ind. 559; *Heyl* v. *State*, 109 Ind. 589; *Boyle* v. *State*, 105 Ind. 469 ; Thornton Juries and Instructions, section 458. But we can not say that the inferences of the prosecuting attorney were erroneous; on the contrary, we strongly incline to agree with him in his reasoning.

Judgment affirmed.

Filed Oct. 14, 1887.