[No. 1455.]

## STATE OF NEVADA, RESPONDENT, v. JOHN O'KEEFE, APPELLANT.

CRIMINAL LAW—ROBBERY—ACCESSORY BEFORE THE FACT.—The defendant, with other boys, invaded the prosecutor's premises. Some of the boys drove prosecutor's companion to the rear of the house and detained him there while two others robbed prosecutor. It was not definitely shown that defendant participated in the robbery, other than he came with the robbers, and left when they left; was present at the robbery, and apparently acquiesced therein. *Held*, that the evidence would have justified the jury in finding him guilty of the robbery.

IDEM—ARGUMENT OF PROSECUTING ATTORNEY—MISSTATEMENT OF LAW.— Misstatements of law made by the prosecuting attorney in his argument to the jury should be corrected by proper instructions and not by a motion to strike out. A motion to strike out in such a case affords no adequate relief.

IDEM—VERDICT OF JURY—LESSER OFFENSE.—Where the evidence shows the defendant to be guilty of robbery, he cannot complain that he was convicted of an attempt to commit the crime.

CRIMINAL PRACTICE—EVIDENCE—EXCEPTED TO AND NOT EXCEPTED TO.— Where certain testimony is received against defendant's objection, and exception is taken thereto, and thereafter the same matter is testified to by another witness without objection and no attempt is made to disprove it: *Held*, that under the circumstances defendant is not prejudiced.

APPEAL from the District Court of the State of Nevada, Storey county; *Charles E. Mack*, District Judge:

John O'Keefe was convicted of an attempt to commit robbery, and appeals. Affirmed.

The facts sufficiently appear in the opinion.

*F. M. Huffaker* and *Geo. D. Pyne*, for Appellant:

I. The gist of an attempt to rob is doing some act towards this and failing or being prevented. If there is no overt act towards the accomplishment of the robbery resulting in failure or interception, there can be no attempt to rob, any more than if no property is taken from the person by violence there can be no robbery. In either event a conviction would be against law. In appellant's case there is no evidence whatever to show that he did any act toward robbing Lees, consequently he could not be legally convicted of this offense.

II. The crime of robbery may embrace larceny, or

larceny from the person, or of grand larceny, and perhaps of an assault with intent to commit robbery, but not an attempt to rob. (*Haley* v. *State*, 49 Ark. 147; *People* v. *Kennedy*, 57 Hun. (N. Y.) 532; *State* v. *Graft*, 66 Ia. 482; *Com.* v. *Prewitt*, 82 Ky. 240; *People* v. *Jones*, 53 Cal. 58; *People* v. *Nelson*, 56 Cal. 77; *Hickey* v. *State*, 23 Ind. 21; *State* v. *Jenkins*, 36 Mo. 372; *Tucker* v. *State*, 3 Heish (Tenn.) 484; *People* v. *O'Brien*, 88 Cal. 483; *Allen* v. *State*, 58 Ala. 98; *State* v. *Howard*, 19 Kan. 507; *Reg* v. *Brich*, 2 Cox C. C. 22; *Howard* v. *State*, 25 Ohio St. 399; *Com.* v. *Scheretto*, 130 Pa. St. 272.)

III. Where several persons are indicted jointly for the crime of robbery, it is incumbent upon the state to show that the several indicted persons acted in concert, and the recognition of the assailants by the party robbed or others witnessing the robbery is a circumstance bearing on the merits, and when the party robbed testified that one of such indicted persons did not act in concert with the others, nor made any attempt to rob him, but was actually robbed by the others, there is a total want of competent evidence to support a verdict of an attempt to rob against such non-participant, in which case such a verdict should be set aside. (*State* v. *Ah Tom*, 8 Nev. 213.)

IV. That the court erred in not striking out and instructing the jury in this case to disregard certain improper statements made by the district attorney to the jury, including the following: " Gentlemen of the jury, if you think there is not sufficient evidence to justify the finding of defendant guilty of the crime of robbery, you may find him guilty of the crime of an assault with the intent to commit robbery, or of an attempt to commit robbery." If the district attorney desired any such instructions, he should have prepared the same and submitted them to the court and asked the court to instruct the jury on these points.

*Robt. M. Beatty*, Attorney-General, and *Langan & Knight*, for Respondent:

I. Appellant is charged in the indictment with having robbed one Jonathan Lees. He was convicted of an attempt to rob Jonathan Lees. The evidence that appellant came to the scene of the robbery—the fact of the robbery being

undisputed—with those positively shown to have committed the assault and robbery, and that he left with them immediately after the completion of the offense; that some of the party during a portion or all of the time of the transaction engaged in putting Thomas McDonald out of the house; that appellant is shown to have proceeded into the house, after the first assault, and with the robbers and their victim, and into the rear of the house through which McDonald either fled or was driven, is amply sufficient to have warranted the conclusion by the jury that the appellant was actually present, aiding and abetting the commission of the robbery —amply sufficient to have warranted his conviction of the crime of robbery, hence more than sufficient to warrant his conviction of an attempt to commit the crime charged.

II.   Robbery includes the attempt to rob, and the statute permits conviction for an attempt to commit the offense charged under every indictment for felony.   Appellant cannot complain of a verdict more in his favor than the law, the facts and the instructions warrant.   (*Ex parte Curnow*, 21 Nev. 33; *State* v. *Lindsey*, 19 Nev. 47.)

III.   As to the legal right of the jury to find a verdict of guilty of attempt to rob under an indictment for robbery, we have only to say that the section of the crimes and punishment act cited by appellant, relative to robbery and larceny, and the many cases cited on the subject, are excellent so far as they go, but appellant does not go far enough, or has lost sight of section 4292, General Statutes of Nevada, and the decisions of this court under that section, namely: *State* v. *Watkins*, 11 Nev. 34; *State* v. *Pickett*, 11 Nev. 259; and especially *Ex parte Curnow*, 21 Nev. 34.   For under that section and the case of *State* v. *Pickett*, 11 Nev. 259, the crime of attempt to commit the offense charged can be found in any case where the facts warrant such findings.

IV.   At the time the statement of the district attorney, to wit:   "Gentlemen of the jury, if you believe there is not sufficient evidence to justify finding the defendant guilty of the crime of robbery, you may find him guilty of the crime of assault with intent to commit robbery, or of an attempt to commit robbery," was made, the court had not instructed the jury.   The court might afterwards have given the same

instruction, and it cannot be said, because the court did not give such instruction, that the making of the statement was an attempt to do anything contrary to, or notwithstanding the instructions of the court. It is not improper nor unusual in argument to state the law. Nothing more was done here. It was within the discretion of the trial court to allow or disallow the statement complained of. It was allowed by the court, and the statement of law being correct, the appellant could not have been injured or prejudiced by it, and he cannot complain of the refusal of the court to withdraw the statement from the jury. In this state (and in this case) argument precedes the instructions. (Thompson on Trials, secs. 943, 946, 949, and cases cited; *State* v. *Pickett*, 11 Nev. 255; Gen. Stats. 4292.)

V. In any event defendant was not injured by the admission of the testimony of Lees in question, because McDonald himself testified to all the facts, as such, which Lees says McDonald related to him, and the facts testified to by McDonald are admitted and unquestioned.

By the Court, BELKNAP, J.:

Appellant was tried separately upon an indictment charging him jointly with Charles Martin and Frank Conlan of the crime of robbery perpetrated upon the person of Jonathan Lees.

It was shown that Lees and McDonald during the daytime were in the front portion of a house occupied by McDonald, when a party of boys, among whom was the defendant, invaded the premises, separated the men by driving McDonald to the rear and detaining him there while the others robbed Lees of an inconsiderable sum of money. It was not definitely shown that defendant participated in the robbery other than he came with the robbers and left when they left, was present at the robbery and apparently acquiesced therein.

A verdict of "attempt to rob one Jonathan Lees" was returned. A motion for new trial was made and denied, and upon the judgment and order this appeal is taken.

The exceptions will be considered *seriatim*.

1. It is urged that the verdict is not responsive to the indictment. It must be admitted that the defendant could

not be convicted of the offense charged unless he actually or constructively committed it. If his liability arise from the act of another, it must appear that the act done was in furtherance of a common purpose. The common purpose of robbery is shown by the acts of the defendant. It was not necessary to have shown that the defendant took any money from the person of Lees by his own hands, or that he actually participated in the assault. If he was present, under the circumstances, the evidence would have justified the jury in finding him guilty of the robbery.

Bishop states the law as follows: "If persons combining in intent perform a criminal act jointly, the guilt of each is the same as if he had done it alone; and it is the same if, the act being divided into parts, each proceeds with his part unaided." Again: "All who are present at a riot, prize fight or any other crime, if lending it countenance and encouragement, and especially if ready to help, should necessity require, are liable as principal actors." (Bishop's New Criminal Law, 630, 632.)

"There can be no doubt of the general rule of law, that a person engaged in the commission of an unlawful act is legally responsible for all the consequences which may naturally or necessarily flow from it, and that, if he combines and confederates with others to accomplish an illegal purpose, he is liable *criminaliter* for the acts of each and all who participate with him in the execution of the unlawful design. As they all act in concert for a common object, each is the agent of all the others, and the acts done are, therefore, the acts of each and all." (*Com.* v. *Campbell*, 7 Allen, 541.)

The doctrine, as applied to cases of homicide is stated in 1 Hale's Pleas of the Crown, p. 441, as follows: "If divers persons come in one company to do any unlawful thing, as to kill, rob, or beat a man, or to commit a riot, or do any other trespass, and one of them in doing thereof kill a man, this shall be adjudged murder in them all that are present of that party abetting him, and consenting to the act, or ready to aid him, although they did but look on."

The court instructed the jury, in effect, that under the circumstances if the defendant stood by, and by his presence aided or abetted those who committed the robbery it was

sufficient. The matter was properly submitted to the jury. It was not necessary to have shown any other physical act. The statute (section 4292) provides that the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged, or an attempt to commit the offense. Upon the evidence, as we have seen, the jury could have found the defendant guilty of the robbery. As they have found him guilty of a lesser offense he cannot complain.

2. At the commencement of the trial counsel for appellant announced in open court that they would introduce the the co-defendants as witnesses. They were not sworn, and the district attorney, in summing up, among other things, said: "From the fact that the defense did not place upon the witness stand the parties jointly indicted with this defendant, who were present at the commission of this robbery, and whom they had announced in court as their witnesses, and have had an opportunity to produce, the inference, I claim, is that this defendant either aided, abetted, assisted or encouraged the commission of said robbery, and you are at liberty to infer his guilt from this circumstance, and the failure of the defense, by such witnesses, to explain the defendant's connection with the robbery."

Appellant moved to strike out the above statement, and, upon denial of the motion, excepted to the ruling.

It will be observed that the inference drawn by the district attorney was one for which he alone, and not the court, was responsible. The most that can be said against it is that it is a misstatement of the law. If so, the error could have been corrected by an instruction, and not, as in this case, by a motion to strike out. Such motion affords no adequate relief.

In *Proctor* v. *DeCamp*, 83 Ind. 559, a similar question arose. The court said: "Errors in logic, or in law, occurring in the address to the jury, cannot be made a cause for overturning the verdict. If the error is of logic, if illogical conclusions are drawn or illicit inferences made, the courts cannot correct these by directing counsel to reason logically. If, however, counsel state the law incorrectly in their address to the jury, the adverse party can secure a correction. The

correction is not to be obtained by objecting to the statements of counsel during the argument, but by asking the court to give the law to the jury in its instructions."

Again, if error were committed, it was corrected by the instructions. In charging the jury the court, among other things, said: "In determining questions of fact presented in the case, you should be governed solely by the evidence introduced before you.   *   *   *   You have entered upon your duties as jurors in this case by taking a solemn oath that you would render a true verdict according to the evidence. That duty and obligation are performed only when a verdict is rendered which is in accordance with the evidence. While you have a right to use your knowledge and experience as men in arriving at a decision as to weight and credibility of witnesses, yet your finding and decision must rest alone upon the evidence admitted in this trial. You cannot act upon the opinions and statements of counsel as to the truth of any evidence given, or as to the guilt or innocence of the defendant."

3. Exception was taken to the admission of evidence illustrating the manner in which Martin committed his part of the robbery. At the time the exception was taken the complicity between the defendants had not been as fully established as it afterwards was, but the witness Lees then under examination, had testified to the assault made upon him by several persons in whose company the defendant was. This was a sufficient foundation for the admission of the evidence.

4. Exception was taken to evidence given by the witness Lees touching a colloquy between himself and McDonald. After the exception had been taken McDonald testified, fully corroborating Lees' statement, without objection, and no attempt was made to disprove the fact.

Under the circumstances the defendant was not prejudiced.

The judgment and order denying a new trial are affirmed.