[No. 2192]

## IN THE MATTER OF THE APPLICATION OF ARTHUR BOWMAN AND HENRY BEST FOR A WRIT OF HABEAS CORPUS.

[151 Pac. 517]

1. HABEAS CORPUS—EVIDENCE—ACCOMPLICES.
    On an application for *habeas corpus* by persons held on the charge of burglary, evidence by the sole witness against them *held* not sufficient to show that he was an accomplice.

2. CRIMINAL LAW—PARTIES TO OFFENSES—"ACCOMPLICE."
    Where it does not appear that a person knowingly, voluntarily, and with common intent with the alleged principal offender, united in the commission of the crime charged, such person is not an "accomplice."

ORIGINAL PROCEEDING. Application by Arthur Bowman and Henry Best for a writ of *habeas corpus*. **Writ denied,** and proceedings dismissed.

*James Dysart,* for Petitioner:

Every person concerned in the commission of a felony is an accomplice. (Rev. Laws, sec. 6274; *State* v. *O'Keefe,* 23 Nev. 127, 43 Pac. 918; *State* v. *Jones,* 7 Nev. 408; *Ex Parte Oxley,* 38 Nev. 379, 149 Pac. 992; *People* v. *Coffey,* 161 Cal. 433, 119 Pac. 901, 39 L. R. A. n. s. 704; *State* v. *Spotted Hawk,* 55 Pac. 1026.)

One receiving stolen property, knowing it to have been stolen, is an accomplice. (*Walker* v. *State,* 37 S. W. 423; *Crawford* v. *State,* 34 S. W. 927.)

*E. P. Carville,* District Attorney, for Respondent.

By the Court, NORCROSS, C. J.:

This is an original proceeding in *habeas corpus.* It is alleged on behalf of petitioners that they are in the custody of the sheriff of Elko County upon a commitment issued by the justice of the peace of Elko township pursuant to an order of said justice holding petitioners upon a preliminary examination to answer for the crime of burglary; that such commitment was issued without reasonable or probable cause.

The petition recites that petitioners have heretofore applied to the Fourth Judicial District Court in and for Elko County for their discharge upon *habeas corpus*, and their petition denied.

[1] The case presents the sole question whether it can be said as a matter of law that the witness Hyman Sutton, who gave the only testimony connecting petitioners with the alleged offense, was an accomplice. It is the contention of counsel for petitioners that the testimony of the witness Sutton shows him to have been an accomplice, and, his testimony being uncorroborated, petitioners are within the rule applied in the recent case of *Ex Parte Oxley*, 38 Nev. 379, 149 Pac. 992. Counsel for the state contends that Sutton was not an accomplice, and it appears that he has never been arrested for, or charged with complicity in, the alleged offense.

The witness Sutton testified that he was in the business of peddling and in buying and selling hides and junk; that about the 30th day of May of this year he was at Mountain City in Elko County; that at that time and place he met the petitioner Best in a store, and the latter informed him he had some junk which he offered to sell to the witness; that he (Sutton) made some inquiry of the storekeeper as to whether Best had any junk for sale; that Best stated that he owned or had located certain mining property near the town upon which there was a building containing the junk, which consisted of certain old brass weights; that about 5 o'clock in the afternoon of the same day the witness and the petitioners Best and Bowman went to a house about half a mile from the town, and upon arriving at the house the petitioner Best pushed aside a window, entered the house and took out the junk, the witness and Bowman, in the meantime, remaining about fifteen yards from the house; that Best tried to sell the junk to the witness there upon the ground, but he refused, stating for him to take it to Rutherford's store and he would pay him 5 cents per pound for the same; that brass was then worth 8 cents

per pound in San Francisco, and it cost $1\frac{1}{2}$ cents per pound freight from Elko to San Francisco; that the junk was carried by the three parties to Bowman's house where it was weighed, and that it weighed 125 pounds; that the next morning about half-past 9 o'clock witness went to Bowman's house and found the junk sacked and he paid Bowman $6.25 for the same; that at that time Best told him to keep the sacks covered up; that the remark caused him to be suspicious that there was something wrong about the matter; that while driving out of town with his brother and when about a quarter of a mile therefrom he got to thinking about there being something wrong about this affair; that about this time his brother cut into one of the weights and found it to be lead; that he drove back to Mountain City and demanded of Best and Bowman that they give him back his money, which they refused to do; that he then offered to take $4 and lose $2.25, which proposition, also, was refused; that Bowman then told him he (Bowman) was a constable, that it was all right, and if anybody bothered him they would go with him to Elko; that the reason he went back to demand his money and return the junk was both because he was suspicious there was something wrong and because the junk he bought for brass was lead, or principally lead; that he would have gone back just the same, if he had not discovered the junk to be lead; that the junk was found by the officers in the possession of the witness in the town of Elko several days later, and to the officers he told the circumstances of its coming into his possession.

The direct and cross-examination of the witness Sutton is quite lengthy, but the main facts, as testified to by him, are detailed above. The witness nowhere admits any prior knowledge that petitioner Best was not the owner of the building entered or of the property taken, or that he had any suspicions that there was anything wrong until the following morning, when the property was loaded in his wagon and, as he says, petitioner Best told

him to keep it covered up. It may be that the discovery that the material was lead, instead of brass, was the impelling motive that caused the witness to return to the town and demand his money back; but he says he would have returned anyway. He is assured by Bowman, according to his testimony, that the deal is all right; that Bowman is the constable, and if any one makes him trouble both petitioners will go with him to Elko. It appears from the testimony of the witness that $1.87½ was all he could profit from the transaction, including hauling it to Elko, a distance of about 100 miles.

[2] It cannot, we think, be said, as a matter of law, that the testimony given by the witness Sutton shows him to have been an accomplice. We are bound, on this proceeding, to accept the testimony of the witness as true. Assuming the truthfulness of the statements of the witness, it does not appear therefrom that he knowingly, voluntarily, and with common intent with the alleged principal offender, united in the commission of the crime, and unless it does so appear it cannot be said that the witness is an accomplice. (1 R. C. L. 158, par. 4; *State* v. *Douglas*, 26 Nev. 204, 65 Pac. 802, 99 Am. St. Rep. 688; *State* v. *Smith*, 33 Nev. 438, 117 Pac. 19; *State* v. *District Court*, 37 Mont. 191, 95 Pac. 593, 15 Ann. Cas. 743.)

Upon a trial of the case the jury would be the judge of the credibility of the witness, and whether or not he was in fact an accomplice could be submitted to the jury under proper instructions. (*State* v. *Carey*, 34 Nev. 309, 122 Pac. 868; *Johnson* v. *State*, 58 Tex. Cr. R. 244, 125 S. W. 16; *Driggers* v. *United States*, 21 Okl. 60, 95 Pac. 612, 129 Am. St. Rep. 823, 17 Ann. Cas. 66; *People* v. *Coffey*, 161 Cal. 433, 119 Pac. 901. 39 L. R. A. n. s. 704; *State* v. *O'Keefe*, 23 Nev. 127, 43 Pac. 918, 62 Am. St. Rep. 768.)

It is further contended that the evidence is insufficient to justify holding the petitioner Bowman to answer. We think there is no merit in this contention. Whether or not it is sufficient to support a conviction, it is sufficient to hold the accused on the ground of probable cause.

(*In Re Kelly*, 28 Nev. 491, 83 Pac. 223; *State* v. *O'Keefe, supra; Jahnke* v. *State*, 68 Neb. 154, 94 N. W. 158, 161, 104 N. W. 154.)

Order discharging petitioners is denied, and proceedings dismissed.