# JACKSON *v.* UNITED STATES. (1)

INDICTMENT; SEVERANCE; IMPEACHMENT OF WITNESS; KEEPING BAWDY-
HOUSE; PROOF OF GUILT; ACCOMPLICE; TEST; STRIKING OUT TESTI-
MONY.

1. A man jointly indicted with his wife for maintaining a bawdyhouse
   has no legal ground for complaining of the denial of his wife's ap-
   plication for severance, since the ruling is against her, not him.

2. An affidavit by a woman jointly indicted with her husband for main-
   taining a bawdyhouse, in support of her application for severance,
   stating that her husband would be entitled to refuse to testify on
   the ground that his testimony might be prejudicial to him in a case
   in which he was a defendant on trial, is admissible on her cross-
   examination in the prosecution under the joint indictment, where
   she testifies on her direct examination that her husband had noth-
   ing to do with the conduct of the place save to occasionally assist
   her; since statements of a witness at another time, inconsistent
   with, though not directly contradictory of, his present testimony,
   may be offered as part of his cross-examination for the purpose of
   impeaching him.

3. Guilt of the offense of keeping a bawdyhouse may be inferred from
   circumstances tending to show responsibility for the manner in
   which the place is conducted. (Citing *De Forest* v. *United States*,
   11 App. D. C. 458.)

4. The mere fact that persons are inmates of a bawdyhouse does not make
   them keepers of the house or accomplices of the keeper.

5. The test by which to determine whether or not a witness in a prosecu-
   tion for keeping a bawdyhouse is an accomplice of the accused is
   liability to indictment for the same offense. (Citing *Yeager* v.
   *United States*, 16 App. D. C. 356.)

6. A motion to strike out all of the testimony of a witness in a prose-
   cution for keeping a bawdyhouse, because some part of it relates
   to a date prior to the time when, as charged in the indictment, the
   offense was committed, is properly overruled; since the court is not
   bound to divide the motion, sustaining that which has a legal basis
   and overruling that which has not.

No. 3160.  Submitted December 2, 1918.  Decided January 6, 1919.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, on verdict, in a criminal prosecution for maintaining a bawdyhouse.      *Affirmed.*

The facts are stated in the opinion.

*Mr. Daniel W. Baker* and *Mr. John Ridout* for the appellant.

*Mr. John E. Laskey,* United States Attorney, and *Mr. Bolitha J. Laws,* Assistant, for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

Franklin C.. Jackson and his wife were jointly indicted for maintaining a bawdyhouse in this city. Both were convicted, and the husband appeals from the judgment against him. At the bar only two of his thirty assignments of error were argued, but six are pressed upon our attention with more or less earnestness in his brief.

The wife, Trina Jackson, made application for severance, which was denied. Appellant complains of this. It is manifest that he has no legal ground for doing so, for the ruling was against her, not him.

During the wife's testimony in chief she said that she leased the premises which she was charged with running as a bawdyhouse, and that her husband had nothing to do with the conduct of the place save that occasionally he assisted her when she was short of help. On her cross-examination the court received in evidence an affidavit which she had made in support of her application for severance, and in which she stated that her husband "would be entitled to refuse to testify on the ground that if testimony which I [she] sought to elicit from him were given in a case in which he was a defendant on trial, such testimony might be highly prejudicial." It could not be prejudicial to him unless it bore upon his guilt. This statement of hers had the effect of contradicting her testi-

mony in chief, that her husband had no part in conducting the house, and was admissible. Statements which a witness admits he made at another time and which are inconsistent with his present testimony may be offered as part of his cross-examination for the purpose of impeaching him (Underhill, Crim. Ev. 238; *Behler* v. *State,* 112 Ind. 140, 13 N. E. 272), and the fact that the first statements do not directly contradict the last is immaterial if from a consideration of both they are in effect inconsistent. *Foster* v. *Worthing,* 146 Mass. 607, 16 N. E. 572; 2 Wigmore, Ev. sec. 1040.

It is contended that there was a total failure of sufficient proof to convict the appellant. We do not think it necessary to set down here the testimony which shows that this contention must be put aside as unsustained by the record. The evidence amply establishes that the place in question was a bawdyhouse, and that appellant lived there, and, according to the testimony of his wife, participated at times with her in its conduct. Other testimony, to the effect that he was responsible for the manner in which the place was conducted, was given. There were, too, many circumstances tending to, the same conclusion, and his guilt could be inferred from them. *De Forest* v. *United States,* 11 App. D. C. 458.

Two requests for instructions, to the effect that the witnesses who testified to have personally committed acts of immorality in the house were accomplices of the appellant and therefore that their testimony should be weighed with caution, were refused. The mere fact that persons are inmates of a bawdyhouse does not make them keepers of the house or accomplices of the keeper. 1 R. C. L. sec. 7, p. 162; *Stone* v. *State,* 47 Tex. Crim. Rep. 575, 85 S. W. 808; *Toney* v. *State,* 60 Ala. 97, 98. The test by which to determine whether or not a witness is an accomplice is "liability to indictment for the same offense." *Yeager* v. *United States,* 16 App. D. C. 356, 361.

Complaint is made on the assumption that the court by its instructions placed upon the appellant a burden which he should not have been required to bear. Just in what respect

this was done appellant does not show. Looking over the instructions of the court we cannot find any support for this contention. The jury was clearly instructed that defendant was presumed to be innocent until every element of the crime charged against him was established beyond a reasonable doubt.

Appellant moved to strike out all the testimony of the witness Laura Fulton, because some part of it related to a date prior to the time when, as charged in the indictment, the offense was committed. The motion was overruled, and properly so, for the greater part, if not all, of the testimony of that witness was admissible. Appellant was not entitled to have it all stricken out, yet if his motion was sustained the valid would have gone with the invalid. In order that error may be predicated on the action of the court in overruling a motion, it must appear that the motion should have been sustained as a whole. It is no part of the court's duty to divide it, sustaining that which has a legal basis and overruling that which has not. 19 R. C. L. sec. 7, p. 676; *Padgett v. State,* 64 Fla. 389, 395, 59 So. 946, Ann. Cas. 1914B, 897; *Baum v. Thoms,* 150 Ind. 378, 390, 65 Am. St. Rep. 368, 50 N. E. 357.

The other assignments of error are equally without merit, and hence the judgment is affirmed.          *Affirmed.*