## HIGHT *v.* STATE.

### Opinion delivered November 29, 1926.

1. ROBBERY—SUFFICIENCY OF EVIDENCE.—In a prosecution for robbery, evidence *held* sufficient to authorize a conviction of assault with intent to rob.

2. ROBBERY—CONVICTION OF ASSAULT.—Under Crawford & Moses' Dig., § 3211, one indicted for robbery may be convicted of an assault with intent to rob.

3. CRIMINAL LAW—CAUTIONARY INSTRUCTIONS.—While the courts have a large discretion in advising a jury, which reports that they are unable to agree upon a verdict, of the importance of rendering a verdict, the court must be careful not to express an opinion upon the facts nor to attempt to coerce the jury.

4. CRIMINAL LAW—CAUTIONARY INSTRUCTION.—In a criminal prosecution, a cautionary instruction advising the jury that the litigation was expensive to the State and the defendants, was not error as tending to cause the jury to return a verdict against the defendants.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*John B. Hiner* and *John D. Arbuckle,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J. Harry Hight and John Holstein prosecute this appeal to reverse a judgment of conviction against them for the crime of assault with intent to rob.

The first assignment of error is that the evidence is not legally sufficient to warrant the verdict.

Alfred Eaton was the principal witness for the State. According to his testimony, he lived in Memphis, Tennessee, and was nineteen years of age when he went to work in the harvest fields in the West. On his way home he traveled by freight train, and met John Holstein and Leonard-Marts in Kansas, and, when they got to Oklahoma, they met Harry Hight. When the witness left Kansas, he had $14.72. When he reached Greenwood Junction, Oklahoma, he had $5 in his pocket. He had been shoveling coal, and the fireman told him to get out of the engine and go back where the rest of the boys were. When he got back there, Marts told him to get off, and kicked him twice. Then John Holstein, Harry Hight and Leonard Marts seized him, and two of them held him while the other one searched him and got the five-dollar bill. He does not know which one of them took the money from his purse. Another witness testified that Greenwood Junction is at the State line between Arkansas and Oklahoma, and that the train upon which the boys were riding was going into Crawford County, Arkansas.

Leonard Marts, John Holstein and Harry Hight were all witnesses in the case. They denied that they robbed Eaton or that they assaulted him with intent to rob him. Evidence was also adduced by the defendants tending to show that they were of good character.

The jury was the judge of the credibility of the witnesses, and, if they believed the testimony of Eaton to be true, they could have found the defendants guilty of robbery. This is conceded by counsel for the defendants, but they contend that, under the evidence, the jury must have found the defendants guilty of robbery or nothing. We do not agree with this contention. According to the testimony of the defendants and of Marts, Eaton did not have any money, and they had been buying him something to eat while on the train. The jury might have given credence to this much of their testimony, and

still might have rejected that part of it in which they testified that they did not attempt to rob Eaton, and might have believed the testimony of Eaton to this extent.

Again, it does not follow that the action of the jury in finding the defendants guilty of assault with intent to rob instead of robbery was prejudicial to them. As the jury found the defendants guilty of the lesser offense, they cannot complain. The defendants were indicted for robbery, and, under § 3211 of Crawford & Moses' Digest, an offense includes an attempt to commit the offense. In the construction of this statute it has been held that, under an indictment for murder, the accused may be convicted of an assault with intent to kill, provided the indictment contains all the substantive allegations necessary to let in proof of the inferior crime. *Davis* v. *State,* 45 Ark. 464. It has also been held that an indictment for rape of a female under the age of sixteen years will sustain a conviction of carnal abuse. *Henson* v. *State,* 76 Ark. 267, 88 S. W. 965. In *State* v. *O'Keefe,* 23 Nev. 127, 43 P. 918, 62 A. S. R. 768, it was held that, under a statute providing that the jury may find the accused guilty of any offense necessarily included in that with which he is charged, or an attempt to commit the offense, one charged with robbery may be found guilty of an attempt to rob. In *Harris* v. *State,* 170 Ark. 1073, 282 S. W. 680, it was held that, where the State's evidence in a prosecution for murder in first degree tended to prove that defendant killed an officer while attempting to arrest defendant engaged in perpetrating larceny, and defendant's evidence was to the effect that he was not engaged in perpetrating larceny, but shot deceased in self-defense, it was not error to submit to the jury the lower degrees of homicide.

In the application of this rule to the case at bar, if it should be conceded that the evidence showed the defendants to be guilty of robbery or nothing, still no prejudice would result to them from submitting to the jury an instruction with regard to assault with intent-to rob. *Rogers* v. *State,* 136 Ark. 161, 206 S. W. 152.

The next assignment of error is that the court erred in giving a cautionary instruction to the jury. We do not agree with counsel in this contention. We have frequently held that trial courts have a large discretion in advising a jury, which reports that they are unable to agree upon a verdict, of the importance to the State and to the defendant of reaching an agreement where they can do so by a fair interchange of arguments. Of course, the court must be careful not to express an opinion upon the facts or to attempt in any wise to coerce the jury. We shall not set out the cautionary instruction in this case, on account of its length, and we again advise trial courts of the care they should exercise in giving such instructions, lest, by inadvertence, they say something to the jury which would be likely to coerce them or be taken as an expression of opinion upon the facts by the court. *Stepp* v. *State,* 170 Ark. 1061, 282 S. W. 684; *Nelon* v. *Nelon,* 171 Ark. 505, 284 S. W. 743.

It is claimed, however, by counsel for the defendants, that the cautionary instruction in this case is erroneous because the court told the jury that the litigation was expensive to the State and to the defendants, and, for that reason, it was important for the jury to reach a verdict. In 11 Enc. of Pl. & Pr., p. 305, it is said, among other things, that the trial court may urge, as a reason for agreeing on a verdict, the time and expense involved in the trial and the time and expense which a new trial would entail. Several cases from courts of last resort are cited in support of the text. In most of these cases it has been insisted that the language of the court was calculated to impress upon the jury the necessity of agreeing, to save costs to the State, and, on this account, was prejudicial to the defendant. It has been generally held that the language is only an expression of opinion by the court that it was for the best interest of the parties and would save cost to the loser if a verdict should be reached. It has generally been said that the element of expense is not thereby injected into the case as a proper matter to influence the jury to agree upon a verdict, but is

intended merely to impress upon the jury the advisability of a new effort to decide the case according to the law and evidence.

It is next insisted by the counsel for the defendants that advising the jury that the litigation was expensive to the defendants might cause it to return a verdict against them. We do not think the language could have this effect. It might, if it had any effect, be as effective in inducing the jury to acquit the defendants as to convict them. Hence we hold this assignment of error is not well taken.

We find no reversible error in the record, and the judgment will therefore be affirmed.