## TERRITORY OF HAWAII v. DAMASO IBERA EBARRA, SIGONDINO AUCHETA BARROGA AND ANDRES JABELLO RESSURICTION.

### NO. 2803.

Argued March 20, 1952.    Decided July 23, 1952.

Towse, C. J., Le Baron and Stainback, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

Defendants in error were convicted of robbery in the second degree. Motion for a new trial, upon grounds that the verdict was contrary to law and to the evidence, was denied. From this order they bring writ of error.

The errors assigned present two questions; first, whether the verdict, judgment and sentence were contrary to law and to the weight and credibility of the evidence; and

second, whether there was sufficient evidence to sustain the verdict that the robbery was committed jointly by the three defendants.

The material facts developed at trial established that Esteban Bollozo was at an inn in the vicinity of Aala Park when the defendants entered. Ressuriction was an acquaintance of Bollozo, and after the defendants had purchased their drinks, Bollozo purchased two additional rounds for them. Ebarra, angered by a remark made by Bollozo, poured beer into Bollozo's shirt pocket as he stood alongside the table at which they were all then sitting. Bollozo later returned to his table, collected $17.30 change from a twenty-dollar bill which he had earlier withdrawn from his wallet and left the inn. Ebarra had already departed and Barroga followed Bollozo from the inn. A portion of Bollozo's testimony of the attack by the defendants and the events that followed after he crossed Beretania toward Aala street established that he was attacked and assaulted: "* * * they were beating me up I was trying to defend myself, and at the same time somebody was feeling my pocket, and removed my wallet" containing $260. Ebarra and Barroga were arrested shortly thereafter near the scene. Ressuriction voluntarily appeared at the police station the following day.

The testimony established that Bollozo was in fact attacked by three persons. In that state of the evidence the Territory was unable to positively identify by affirmative testimony that Ressuriction was the third assailant. The evidence established that the third person fled the scene. In written statements Ebarra and Barroga admitted the assault but denied the robbery. They implicated Ressuriction as being one of the trio in the joint assault. Ressuriction denied having been present at the scene.

Bollozo forthwith informed the police officers upon their arrival at the scene that he had been robbed, and a

search of his person at the police station failed to reveal a wallet in his possession. He also accused the defendants of robbing him of a pair of dark eyeglasses. Bollozo was unable to positively identify a pair found upon Ebarra's person following arrest. Neither the money nor wallet was found in possession of any of the defendants at the time of arrest.

The defendants were charged jointly as principals, presumably under the theory that each had joined in the commission of the crime. (R. L. H. 1945, § 10670.)

At trial, Bollozo was the sole witness of the robbery itself. He testified in part:

"One of them grabbed hold of my hand, one of them grabbed hold of my neck, and one of them held me by the arm, and dragged me to the \* \* \* they were going towards the Singapore, and then they beat me up over there.

"After I was beaten up the wallet was gone. While they were beating me up someone felt in my pocket.

"Well, while they were beating me up I was trying to defend myself, and at the same time somebody was feeling my pocket."

Robbery is the stealing from the person of another or from his custody, in his presence, by force or putting him in fear. (R. L. H. 1945, § 11590.) The issue decisive of the errors assigned is whether, upon the record, the element of *animo furandi* jointly applicable to the three defendants, was sufficiently established. It is well-settled that the corpus delicti may be established by circumstantial evidence. (*Territory* v. *Makaena*, 39 Haw. 270; *Territory* v. *Sable Hall*, 39 Haw. 397.) (See also 20 Am. Jur., Evidence, §§ 1230, 1231.) Likewise, criminal intent may be established by circumstantial evidence. (*People* v. *Franklin*, 46 Cal. App. 1, 188 P. 607; *Ter.* v. *Palai*, 23 Haw. 133; *Loo Toon* v. *Ter.*, 16 Haw. 351.)

The general rule is that those physically present at the

scene of a robbery who render it countenance and encouragement and who stand ready to assist in its perpetration, should the necessity arise, may be charged as principals. Direct evidence that an accused so charged stole the property from the victim with his own hands, or forcibly assaulted or directly participated in any other act of violence upon the victim, is not required. Circumstantial evidence establishing constructive participation in the crime charged is sufficient. It has been held sufficient that one jointly charged who accompanied and departed with the others to and from the scene, and who was present at the scene when the robbery was committed and acquiesced therein, is guilty of the crime of robbery. (*People* v. *Campbell,* 234 Ill. 391, 84 N. E. 1035, 123 Am. St. Rep. 107.) Where two or more defendants are charged, as here in circumstances such as are established by the record, direct proof that any particular assailant removed the property from the person or custody of the victim is not required. His presence at the scene, coupled with apparent acquiescence in the crime being committed, is sufficient. (*Gardiner* v. *State,* 110 Neb. 11, 192 N. W. 946; *State* v. *O'Keefe,* 23 Nev. 127, 43 Pac. 918.)

*State* v. *O'Keefe, supra,* pages 130, 131, recites what we consider to be the principle applicable to the facts before us: "* * * the defendant could not be convicted of the offense charged unless he actually or constructively committed it. If his liability arise from the act of another, it must appear that the act done was in furtherance of a common purpose. The common purpose of robbery is shown by acts of the defendant. It was not necessary to have shown that the defendant took any money from the person of * * * by his own hands, or that he actually participated in the assault. If he was present, under the circumstances, the evidence would have justified the jury in finding him guilty of the robbery."

The record establishes sufficient facts of a common design or purpose on the part of all of the defendants in the concerted attack upon Bollozo.

Upon the issue of the defendants' knowledge that Bollozo possessed a large sum of money on his person, the trial judge found that when the complaining witness purchased the drinks for the defendants or when paying for his own drinks, such opportunity presented itself. In circumstances such as established by the record, we concur in the trial judge's findings.

The defendants in error contend that the trial court premised its finding of guilt upon surmise and conjecture regarding the possession by Bollozo of the wallet containing $260, the forceful taking of that sum by the three defendants, and in presuming that the defendants possessed knowledge that the complaining witness possessed the wallet containing money on his person immediately prior to the robbery. There admittedly is contradictory testimony upon all three of these issues. That evidence, however, having been weighed by the trial judge, will not be disturbed in the absence of a showing of manifest error. We find no such error.

In determining whether evidence is sufficient to support a finding of guilt, this court will not attempt to reconcile conflicting evidence, but will limit its consideration to whether there is sufficient evidence to sustain the verdict. (*Republic of Hawaii* v. *Nenchiro,* 12 Haw. 189.) On appeal from a conviction, the question for determination by this court is not whether it would or would not have convicted a defendant upon the evidence as disclosed by the record, but whether there was evidence sufficient to justify the verdict as returned. (*Territory* v. *Chung Nung,* 21 Haw. 214.) Where there is more than a scintilla of evidence sustaining it, the verdict of guilty will not be dis-

turbed. (*Territory* v. *Lam Bo,* 23 Haw. 718.) The record bears more than such scintilla.

Judgments affirmed.

*H. Bouslog* (*Bouslog & Symonds* on the briefs) for plaintiffs in error Barroga and Ressuriction.

*G. F. St. Sure,* Assistant Public Prosecutor (*A. R. Hawkins,* Public Prosecutor, with him on the brief), for defendant in error.