STATE OF HAWAII *v.* HAZEL GLORIA ORNELLAS.

No. 4185.

SEPTEMBER 27, 1962.

TSUKIYAMA, C.J., CASSIDY, WIRTZ, LEWIS, JJ., AND
CIRCUIT JUDGE HAWKINS IN PLACE OF
MIZUHA, J., DISQUALIFIED.

OPINION OF THE COURT BY TSUKIYAMA, C.J.

On June 10, 1959, three girls, Eleanor, Roxanna and defendant, Hazel Gloria Ornellas, left Ewa Beach, a rural community, for the city of Honolulu. On the beach at Waikiki, they met and whiled away the day with three men. About 10:30 that evening, they decided to go back to Ewa Beach accompanied by the men. Finding an unoccupied car not far from where they were, the girls stole it and with defendant driving, they headed for their destination. In her testimony, Roxanna stated that while she

and the girls were at her uncle's house in Waikiki that same day, she heard Eleanor say, in the presence of herself and defendant, that "* * * she wanted to do this robbery."

While en route they stopped at Waipahu and there picked up a fourth man, a sailor, identified as Jack. As they proceeded toward Ewa Beach with defendant at the wheel, Eleanor said, "Let's go pull one job." Roxanna testified further that "* * * they were saying about they was going to ask Jymie Ha for cigarets, and then they was going rob the store."

Upon reaching Jymie Ha's store at Ewa Beach at about 11:30 p.m., instead of driving the car into the regular driveway, defendant parked the car some seventy feet away from it. Eleanor and Jack got out and knocked on the door. Jymie Ha, the 81-year old proprietor, who was in bed awoke and upon being told that they wanted cigarettes, he unhooked the door. Upon entering they immediately attacked him. They bound and gagged him at the point of a knife and stole whatever cash they could find in his wallet and coin bag and several cartons of cigarettes. In his testimony, the proprietor gave a vivid description of what occurred and how scared he was when he saw a knife which he referred to as kitchen knife. Before leaving the premises, they severed the telephone wire. With defendant still operating the car, they drove away in a hurry to a junk yard at Ewa Plantation where they changed automobile license plates. After dropping off the men in Honolulu later, the three girls returned to Ewa Beach. When they learned from Roxanna's sister that sirens were heard, defendant hastily drove back to Honolulu, abandoned the stolen car, and all three girls slept at the home of Roxanna's uncle. The next day Eleanor gave defendant and Roxanna a dollar each to take a bus back to Ewa Beach.

Defendant Ornellas was questioned by detective Barrett at the police station on June 16, 1959. She admitted that when Eleanor and Jack got out of the car at Jymie Ha's store on the night of the robbery, she saw Eleanor with a solid blade knife which she described as being about five or six inches with a brown leather case. In her answers to Barrett's questions, taken down stenographically, defendant admitted hearing Eleanor say, when Jack was picked up at Waipahu, something about "pulling a job"; that she understood those words to mean "taking something"; that she knew of her own knowledge that twenty-four dollars was taken from Jymie Ha of which she received one dollar; and that of the cigarettes taken she received three packs of Viceroy.

On June 23, 1959, the grand jury returned an indictment charging defendant and one other with the offense of robbery in the first degree. On August 7, 1959, defendant entered a plea of not guilty. On August 18, 1959, the day of trial, when the jury panel was exhausted and additional trial jurors were to be summoned, defendant's counsel objected to the summoning on the ground that the names of the jurors were selected by the jury commission in violation of law. Whereupon, a hearing was held at chambers at which Lawrence Holt, a jury commissioner, was examined. Hearing concluded, the court overruled the objection but later declared a mistrial because of certain irregularities in the matter of peremptory challenges.

On October 29, 1959, a new trial jury was drawn. At this juncture, counsel for defendant orally objected to further proceedings in the case "* * * on the ground the indictment was returned by a purported Grand Jury, which was selected in violation of Section 221-10 of the Revised Laws of Hawaii, 1955, that the selection was not made without reference to the race, or place of na-

tivity, or sex, of the persons selected." The court overruled the objection. A new trial jury having been impaneled and sworn, the trial proceeded. Defendant was found guilty as charged. The case is now before this court for review upon defendant's writ of error.

Defendant first assigns as error the trial court's overruling the oral objection to further proceedings in the case on the ground that the grand jury which indicted her was selected and constituted in violation of R.L.H. 1955, § 221-10. No error is assigned with reference to the petit jury.

The legal issue raised in this case anent the constitution of the grand jury and the alleged irregular manner of its selection by the jury commission is parallel to that involved in the case of *State* v. *Jones,* 45 Haw. 247, 365 P.2d 460. However, in the instant case the State squarely raises the issue as to the applicability of the provisions of R.L.H. 1955, § 221-24, and advances the argument that defendant had failed, in a timely manner, to challenge the grand jury which indicted her. The statute in question specifically provides: "Before the grand jury is sworn, the prosecuting officer, or any person held to answer a charge for a criminal offense may challenge the panel, or an individual juror for cause to be assigned to the court. * * *" Incidentally, this question was not raised or argued in *Jones, supra,* and this court did not find it necessary to discuss the issue there.

The cases of *Territory* v. *Ferris,* 15 Haw. 139, and *Territory* v. *Scully,* 22 Haw. 618, are cited by the State in support of its contention. In *Ferris,* this court held that unless a timely challenge was made, the failure would be considered as a waiver of the privilege to challenge. In *Scully,* as in *Jones,* it was held that a mere irregularity could not be urged by plea in abatement or motion to dismiss after the indictment had been returned. Here

no objection was raised by such a plea or motion, but it was only after a plea of not guilty had been entered that defendant interposed an objection "to proceeding with the trial of this case."

In *Territory* v. *Johnson,* 16 Haw. 743, while the issue was whether the trial court had abused its discretion in refusing to permit the defendant to withdraw its plea of not guilty for the purpose of filing a plea in abatement based on the ground that one of the grand jurors was disqualified, this court said: "A plea of not guilty is a waiver of the right to object to the competency of grand jurors, * * *." In *Kaizo* v. *Henry,* 211 U.S. 146 at 149, citing *United States* v. *Gale,* 109 U.S. 65, the requirement that the objection be seasonably taken by motion to quash or plea in abatement was recognized.

Further, in *Oriemon* v. *Territory of Hawaii,* 13 Haw. 413 at 416, this court, quoting from Bishop New C. P. Vol. 1, Sec. 872, held: "The general rule is that 'the formalities for the selection, organization, and doings of the grand jury are things separable from the judicial jurisdiction and other like fundamentals; so that defendants can waive irregularities therein, and they do waive any one whereof they have knowledge if they fail to object thereto promptly, or at the first step in the cause permissible.' "

Both parties have devoted much of their arguments to the question as to whether R.L.H. 1955, § 221-24 or § 231-15 is applicable. Upon careful consideration of the statutes cited, we do not perceive anything therein which would affect the well-established rule set forth in the foregoing cases. Even an objection to competency, involving more than a mere irregularity, must be made before plea of not guilty unless defendant is permitted to withdraw the plea for the purpose of interposing such objection. *Territory* v. *Johnson, supra,* 16 Haw. 743.

The case at bar presents a situation in which defendant had been questioned at the police department, later indicted, entered a plea of not guilty, participated in the impaneling of the trial jury, and then after declaration of a mistrial and commencement of the trial anew, interposed an objection to the grand jury for the first time over three months after the date of the indictment. No request was made for permission to withdraw the plea of not guilty and the record does not show that it was withdrawn.

Moreover, even if we were to accept defendant's contention, based on R.L.H. 1955, § 231-15, that her objection was timely because interposed before verdict, she would still be precluded from a review on account of the state of the record. Defendant quotes *in extenso* from the testimony of Lawrence Holt, jury commissioner, to show irregularity in the selection of the grand jury. It is noted that the commissioner was called to testify in the wake of defendant's objection to the summoning of additional trial jurors. It is obvious that the commissioner was testifying on the procedure customarily followed by the jury commission in the selection of trial jurors. There is nothing to support the objection to the grand jury. The testimony of jury commissioner Tompkins, which was taken a week after Holt's examination, pursuant to objections to the grand jury made in other cases, including *Jones,* has not been brought before us in the present case. It is noteworthy that the record in *Jones* showed that the methods pursued as to the trial jury and grand jury, respectively, were different. The record is too unsatisfactory for us to render any decision upon the merits of this objection; it would be purely conjectural. If this were the only point presented the appeal would be dismissed. *Estate of Holt,* 24 Haw. 663.

Defendant's assignment No. 1 must therefore be overruled.

Defendant's assignments of error Nos. 2, 3 and 4 are separately specified but briefly argued collectively. Assignment No. 2 is directed to the trial court's giving State's instruction No. 9, assignment No. 3 to the giving of State's instruction No. 10, and assignment No. 4 to the giving of State's instruction No. 11. The three instructions objected to by defendant represent a reading, practically verbatim, of R.L.H. 1955, §§ 306-9, 306-8, and and 306-10, respectively, the first of which covers the subject of presumption of intent when a robber is armed, the second defines the degree of robbery, and the third authorizes the jury upon an indictment for robbery, to find, if it so determines from the evidence, the defendant guilty of assault with intent to rob.

Defendant contends in effect that, because she was not personally armed, was not even in sight of the victim, and was not in a position to kill, maim, wound or inflict other corporal injury upon the victim, it was erroneous to place her within the "terms, definitions, circumstances, or conditions" set forth in the instructions. We are unable to accept such view. Upon the evidence set forth earlier in this opinion, we must hold defendant's contention untenable.

Assignments of error Nos. 5 and 6 respectively relate to the trial court's giving State's instructions Nos. 16 and 17. Instruction No. 16 points out, in the words of R.L.H. 1955, § 252-4, that a person who aids in the commission of an offense or is accessory before the fact thereto, may be indicted, tried and punished in the same manner as if he had been present at the commission of the offense and actually taken part in it. Instruction No. 17 is also a verbatim reading of R.L.H. 1955,

§ 252-1, defining those who are deemed principals in the commission of an offense, coupled with definitions of certain words appearing in said section. Defendant argues that the instructions were erroneously given, urging that upon the evidence adduced she could not be deemed a principal and that the indictment failed to inform her of the nature and cause of the accusation as required under the constitutional Bill of Rights. This court is not persuaded by the argument. The indictment charged defendant with the commission of an offense as a principal, and she was tried as such. The jury was entitled to be informed as to what element or elements legally constituted the commission of an offense by a person as a principal and as to the circumstances under which such person might be legally indicted as a principal. The trial court did just that by giving the two instructions. Their validity could not be questioned. Constitutional problems are not involved.

Assigments of error Nos. 7, 8 and 9 will be considered together. They relate to defendant's objection to the trial court's giving State's instructions Nos. 18, 19 and 20. The three instructions are but practical applications of the provisions of § 252-1 and Chapter 306, R.L.H. 1955, which governs the offense of robbery. The trial court properly informed the jury that it was their duty to convict, if they found beyond a reasonable doubt that defendant's acts, in conjunction with the acts of others, were such as to bring her within the terms of the law with respect to the offense of robbery. In the light of the clear evidence in this case and of the plethora of judicial precedents on the point in this jurisdiction alone, the trial court did not err in giving the said instructions. See *Territory* v. *Bollianday,* 39 Haw. 590; *Territory* v. *Ebarra,* 39 Haw. 488; *State* v. *Carvelo,* 45 Haw. 16, 361 P.2d 45; *State* v. *Yoshida,* 45 Haw. 50,

361 P.2d 1032; *State* v. *Jones, supra,* 45 Haw. 247, 365 P.2d 460.

The last three assignments Nos. 10, 11 and 12 are without merit. They relate to the trial court's refusal to give defendant's requested instructions Nos. 1, 2 and 4. Instruction No. 1 is on directed verdict and Nos. 2 and 4 deal with matters of fact which lie within the province of the jury. The instructions were properly refused. As evidenced by the facts detailed earlier in this opinion, there was substantial evidence warranting the jury's finding of guilty as charged against defendant. Under the instructions properly given by the trial court, it became exclusively the jury's province to make a factual determination of whether or not the acts of defendant came within the terms of the indictment, the pertinent criminal statutes and the instructions. The law enunciated by this court in *State* v. *Jones, supra,* 45 Haw. 247, 365 P.2d 460, is fully applicable here.

Affirmed.

*O. P. Soares* for plaintiff in error.

*Kenneth K. Saruwatari,* Deputy Prosecuting Attorney, City and County of Honolulu (*John H. Peters,* Prosecuting Attorney), for defendant in error.